## Appeal of THE LEICHNER & JORDAN CO.

Docket No. 4867.   Submitted November 4, 1925.   Decided June 21, 1926.

After taxpayer had paid a general contractor for the construction of a building, but before subcontractors and material men had been paid, the general contractor became insolvent, and the subcontractors and material men recovered judgments against taxpayer, which were paid by taxpayer in 1920. *Held*, that the amounts so paid constituted a loss deductible by taxpayer in 1920 and were in no sense a part of the cost of the building.

*H. Glenn Duis, Esq.*, for the petitioner.
*R. P. Smith, Esq.*, for the Commissioner.

Before SMITH, JAMES,[1] LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1920 in the amount of $547.76. The point in issue is the right of the taxpayer to deduct from gross income an alleged loss of $5,477.54, arising from the fact that the taxpayer, after paying for a building constructed in 1918, was also required to pay mechanics' liens in 1920 of $5,646.95, offset by additional depreciation allowed by the Commissioner to the extent of $169.41.

### FINDINGS OF FACT.

The taxpayer is an Ohio corporation with its principal place of business at Portsmouth. In 1918 the taxpayer let a contract for the erection of a certain building to be used in carrying on its business of wholesale produce and the manufacture of ice. The contract provided that the general contractor was to reimburse the owner for any amounts that the owner might be compelled to pay to subcontractors in excess of the amount due to the general contractor and for which the general contractor was liable. After the building was completed and the general contractor had been paid practically all that was due it, the general contractor failed to pay all subcontractors and material men for labor done and material furnished on the building. The general contractor became insolvent, the subcontractors and material men filed mechanics' liens on the building, and, after suit, secured judgment. The liens and judgments paid during the year 1920 were as follows:

| | |
|---|---:|
| Liens and judgments paid | $7,103.33 |
| Less: Amount due to general contractor not paid | 1,456.38 |
| Amounts paid on liens and judgments in excess of amount due general contractor | 5,646.95 |

The taxpayer deducted the above amount as a loss in its income-tax return for 1920. The Commissioner disallowed the deduction and added the above amount to taxable income for 1920 as representing additional cost of building, as follows:

| | |
|---|---:|
| Amount added by Commissioner to income as representing additional cost of building | $5,646.95 |
| Depreciation allowed by Commissioner on said addition for 1920 | 169.41 |
| That amount added by Commissioner to income for 1920 | 5,477.54 |

### OPINION.

SMITH: The taxpayer claims the right to deduct from gross income in its income-tax return for 1920 amounts totaling $5,646.95, paid to subcontractors who had filed mechanics' liens against its

---

[1] This decision was prepared during Mr. James' term of office.

building. The deduction of this amount is claimed under section 234(a)(1) of the Revenue Act of 1918, which allows the deduction of " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business;" or under subdivision (4) of the same section, which allows the deduction of " losses sustained during the taxable year and not compensated for by insurance or otherwise;" or under subdivision (5) of the same section, which allows the deduction from gross income of " debts ascertained to be worthless and charged off within the taxable year."

The Commissioner has disallowed the deduction upon the ground that the amount paid to subcontractors was a part of the cost of the building. We are of the opinion, however, that in no proper sense was this so. The taxpayer had neglected to take a proper business precaution and had paid the general contractor without receiving a release from persons who had furnished material and performed labor upon the building. By reason thereof it was compelled to pay a sum of money in settlement of liens filed and judgments obtained by subcontractors and material men. The general contractor was insolvent and the taxpayer had no way of recovering its loss. The loss sustained was deductible from gross income. *Electric Reduction Co.* v. *Lewellyn*, 11 Fed. (2d) 493.

*Judgment for the petitioner.*