OPINION.
Smith:
The taxpayer claims the right to deduct from gross income in its income-tax return for 1920 amounts totaling $5,646.95, paid to subcontractors who had filed mechanics’ liens against its *135 building. The deduction of this amount is claimed under section 234(a) (1) of the Revenue Act of 1918, which allows the deduction of “ all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business;” or under subdivision_ (4) of the same section, which allows the deduction of “ losses sustained during the taxable year and not compensated for by insurance or otherwise;” or under subdivision (5) of the same section, which allows the deduction from gross income of “ debts ascertained to be worthless and charged oif within the taxable year.”
The Commissioner has disallowed the deduction upon the ground that the amount paid to subcontractors was a part of the cost of the building. We are of the opinion, however, that in no proper sense was this so. The taxpayer had neglected to take a proper business precaution and had paid the general contractor without receiving a release from persons who had furnished material and performed labor upon the building. By reason thereof it was compelled to pay a sum of money in settlement of liens filed and judgments obtained by subcontractors and material men. The general contractor was insolvent and the taxpayer had no way of recovering its loss. The loss sustained was deductible from gross income. Electric Reduction Co. v. Lewellyn, 11 Fed. (2d) 493.

Judgment for the -petitioner.