LENA G. HILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5800.   Promulgated October 31, 1927.

1. Action of respondent in disallowing for 1921 and 1923 deductions taken for interest paid, his action in increasing petitioner's distributive share of partnership profits for 1921 and in reducing the amount of depreciation taken in 1921 and 1923 approved because of insufficient evidence.

2. Action of respondent in determining that the petitioner made a profit in 1923 on the sale of a one-half interest in the furniture, fixtures and equipment of a hotel approved for lack of sufficient evidence.

3. Petitioner in a prior year paid a contractor the amount due for materials furnished in making improvements and additions to a building. In the taxable year she was required to pay liens of material men for the same materials. *Held*, not allowable as deductions as loss because of lack of evidence of uncollectibility of the amounts from contractor.

4. Expenditures in payment of material men's liens filed against property for material used in making the improvements thereon held not to be a net loss within the provisions of section 204 of the Revenue Act of 1921, for lack of evidence.

5. Attorney's fees paid in 1921 for defending foreclosure suits brought by lienors to obtain payment for material used in improving petitioner's property *held* to be deductible as ordinary and necessary expenses.

*G. W. Stubbs, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax of $420.83, $752.64, and $1,031.91 for 1920, 1921, and 1923, respectively, and a delinquency penalty of $188.16 for 1921. At the hearing the petitioner stated that the tax for 1920 was not contested.

The deficiency for 1921 results from the respondent (1) having disallowed as deductions $1,284 representing interest paid, $1,000 for attorney's fees, and $1,500 for depreciation, and (2) having increased petitioner's distributive interest in the profits of a partnership of which she was a member by $2,504.

The deficiency for 1923 results (1) from the respondent's refusal to allow as deductions depreciation amounting to $1,500, interest paid of $8,575, and a loss of $25,080.90 brought forward from 1922, and (2) from increasing petitioner's income by $6,600, representing the profit from the sale of her one-half interest in the furniture, fixtures, and equipment of a hotel.

The petitioner is a resident of Kansas City, Mo.

In the summer of 1912 the petitioner made a contract with George Huggins, a building contractor, by which he was to remodel and construct an addition to her hotel property known as the Royal Hotel, located at Excelsior Springs, Mo. The consideration to be paid by petitioner under the contract was $57,500 plus certain other amounts to be determined. During the course of the construction it developed that the amount of work required to complete the undertaking would greatly exceed that contemplated by Huggins. About January 15, 1913, the petitioner paid Huggins $14,000, which represented the amount of his unpaid bills for material at that time and other estimated expenses then owing by him, on condition that he would complete the work called for by the contract. Huggins kept the money and on the following day abandoned the work undertaken by him. The petitioner completed the work in July or August, 1913. Thereafter about 24 material men's liens, totaling $17,000 were filed against the property by those who had sold Huggins material which he had used in the building, but for which he had not paid. The lienors filed foreclosure suits which were contested by the petitioner. The petitioner lost the suits and in 1922 was required to pay the liens, which with costs amounted to over $25,080.90. In 1921 the petitioner paid to the attorney who had represented her in the above mentioned litigation, which had extended from 1913, an amount of $1,000 for services in connection with this litigation. In 1923 the petitioner paid her attorney $500 which was for his services in connection with matters other than the litigation relating to the hotel property. The petitioner still owns the Royal Hotel.

In the fall of 1916 the petitioner took a 15-year lease on the Frederick Hotel at Kansas City, Mo., and furnished it throughout at a cost of more than $17,000. A few months later she gave a one-half interest in the furniture, fixtures, and equipment which she had placed in the hotel to her son, who had previously been assisting her in the operation of another hotel and who thereafter operated the Frederick Hotel. In 1923 the petitioner sold to her son her remaining one-half interest in the furniture, fixtures, and equipment in the hotel for $10,000 and took his note for that amount. No payments, either as principal or interest, have been made on the note which the petitioner has provided in her will shall be canceled at her death. The petitioner had never charged off any depreciation in her personal return on her one-half interest in the furniture, fixtures, and equipment which she sold to her son. However, the correct amount

of depreciation on this property was charged off in returns filed by the Frederick Hotel partnership, of which she was a member. At no time has the petitioner transferred to her son an interest in the lease which she acquired in 1916 and which she still holds.

OPINION.

TRAMMELL: Inasmuch as the petitioner stated at the hearing that the deficiency for 1920 was not being contested and as no evidence was submitted in regard thereto, the deficiency of $420.83 as determined by the respondent for that year is approved.

With respect to the deficiency for 1921, the petitioner contends that the respondent erred (1) in disallowing deductions claimed by the petitioner in her return of $1,284 representing interest paid on indebtedness and $1,000 for attorney's fees in connection with litigation concerning the liens filed against the Royal Hotel property, (2) in reducing by $1,500 the amount of $5,900 taken as a deduction for depreciation on the Royal Hotel property, and (3) by increasing the amount of the petitioner's distributive income from the Frederick Hotel partnership by $2,504. In regard to the deficiency for 1923, the petitioner contends that the action of the respondent was erroneous (1) in disallowing a deduction taken of $8,575 representing interest paid on indebtedness, (2) in reducing by $1,500 the amount of $5,900 taken as a deduction for depreciation on the Royal Hotel property, (3) in determining that the petitioner made a profit of $6,600 from the sale of her one-half interest in the furniture, fixtures, and equipment in the Frederick Hotel, and (4) in disallowing a loss of $25,080.90 carried forward from the year 1922, and resulting from the payment by the petitioner of liens filed against the Royal Hotel property together with court costs and interest.

The respondent denies that any error was made in taking the action complained of by the petitioner.

The petitioner did not submit any evidence in support of her contention that the amounts of $1,284 and $8,575 should be allowed as deductions for interest paid on indebtedness for the years 1921 and 1923, respectively, or any evidence to show that the respondent erred in increasing her share of income from the Frederick Hotel partnership by $2,504, for the year 1921. The respondent's action with respect to these items must therefore be approved.

With respect to the amount of depreciation claimed on the Royal Hotel for 1921, no evidence was submitted as to the value on March 1, 1913, of the building on which the improvements were made, the

kind of material of which the building was constructed and its probable useful life on that date, or any other evidence which would enable us to determine whether the action of the respondent was erroneous.

In the absence of such evidence, we have no basis for revising or modifying the action of the respondent in regard to this item. His action, therefore, is accordingly approved.

In the fall of 1916 the petitioner took a lease on the Frederick Hotel and furnished it throughout at a cost of more than $17,000. A few months later she gave her son a one-half interest in the furniture, fixtures, and equipment that she had placed in the hotel. In 1923 she sold to him the other one-half interest in this property for $10,000, taking in payment therefor his note for the same amount, on which nothing has ever been paid, either as principal or interest, and which she has provided in her will shall be canceled at her death. The evidence does not show whether the note was a time note or a demand note, or whether demand has ever been made for payment. The evidence does not disclose whether the maker was solvent and able to pay the note when given or when due, nor does it show that the note was worth or had a market value less than its face value. The evidence is insufficient to warrant any change in the determination made by the respondent, and the contention of the petitioner in regard to this item must therefore be disapproved.

The remaining two contentions of the petitioner, one relative to the disallowance for 1921 of attorney's fees amounting to $1,000 paid in that year and the other relating to the disallowance for the year 1923 of a loss of $25,080.90 carried forward from the year 1922, result from the payment of material men's liens for material furnished the contractor in connection with remodeling and construction of an addition to the Royal Hotel building during the years 1912 and 1913, and the subsequent litigation relative thereto.

The petitioner does not deny that the remodeling of the Royal Hotel constituted an improvement or betterment or that the addition comes within the class of new buildings, but contends that by having to make payment of the liens with costs and interest she was paying the debts of Huggins, the contractor, and thereby sustained a loss which was properly deducted in her income-tax returns for 1922 and 1923. The evidence shows, and it is not otherwise contended, that the payments made by the petitioner were to satisfy liens for material furnished to Huggins and used in making the addition and improvements to the Royal Hotel which the petitioner then owned and has since continued to own. The petitioner, however, had already paid to the contractor all amounts due for this material. While she

was liable to the material men to the extent that they retained a lien on her property for the amounts, the contractor was primarily responsible and liable. The debts, when the petitioner paid them, were his liabilities. No part of any of the payments made by the petitioner was in fact a part of the cost of the building. In *Appeal of Leichner & Jordan Co.*, 4 B. T. A. 133, we had substantially the same state of facts before us. There we said:

The Commissioner has disallowed the deduction upon the ground that the amount paid to subcontractors was a part of the cost of the building. We are of the opinion, however, that in no proper sense was this so. The taxpayer had neglected to take a proper business precaution and had paid the general contractor without receiving a release from persons who had furnished material and performed labor upon the building. By reason thereof it was compelled to pay a sum of money in settlement of liens filed and judgments obtained by subcontractors and material men. The general contractor was insolvent and the taxpayer had no way of recovering its loss. The loss sustained was deductible from gross income.

In that case we held that the amounts were deductible as it was shown that the contractor, to whom the amounts for material and for subcontractors' labor were paid, was insolvent and that the taxpayer had no way of recovering its loss. In this case we agree with the petitioner that the amounts were not capital expenditures. The amounts for the material had already been paid and the amounts paid to satisfy the liens were the obligations of the contractor and added nothing to the cost or the value of property. In order, however, for the amounts to be deductible, it must be shown by evidence that the petitioner could not collect from the contractor. The contractor became liable to the petitioner for the amounts. There was no evidence introduced as to the financial ability of the contractor to reimburse the petitioner. The petitioner was not entitled to a deduction on this account until or unless it is shown that the amount was uncollectible from the contractor. In view of our holding, there is no "net loss" sustained in 1922 to be deducted from the 1923 net income.

The attorney's fee of $1,000 was paid, not in connection with the defending, protecting or establishing of the petitioner's title or right to the possession of the property, but in connection with the litigation to establish the petitioner's legal liability to pay the debts for material incurred by the contractor. We think that this amount, as well as the $500 attorney's fee paid in 1923 in connection with other matters, constitutes ordinary and necessary business expense.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS, MURDOCK, and SIEFKIN.