## Thomas Miller and Agnes Miller, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 34827. Promulgated March 10, 1953.

*Charles W. Hergenroeder, Esq.*, for the petitioners.
*Roy E. Graham, Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* The evidence shows that the petitioners paid Landstrom $7,500 as a part payment on a dwelling which he was to construct for them; he absconded with some of their money after erecting on the premises an incomplete structure which was not worth anything like $7,500; his act was a felonious one under the laws of Pennsylvania; and the petitioners thereby sustained a loss. The Commissioner contends that the petitioners sustained no loss, but his rea-

sons therefor are not persuasive. Cf. *Leichner & Jordan Co.*, 4 B. T. A. 133. He also contends that the petitioners have failed to show the amount of the loss.

The evidence is not clear as to the exact amount of the loss. The petitioner testified to the amounts of money which he knew had been spent by the contractor on the job, but it is not clear that the contractor might not have spent other amounts not known to the petitioner. If the contractor had spent the entire $7,500 on the dwelling, there could be no loss deductible under section 23 (e) (3) because in that case there would be no theft, or anything resembling theft, of any of the money paid by the petitioners to Landstrom. Likewise, if Landstrom, without spending all of the money paid to him, had placed a structure on the premises having a value equal to or in excess of $7,500, it would be difficult to see wherein there would be any theft, or anything resembling a theft, which would be deductible under section 23 (e) (3). However, it is reasonably clear that the structure on the premises at the time Landstrom absconded was worth considerably less than $7,500, and less than $7,500 had been expended on it. The Court, following the principle of *Cohan* v. *Commissioner*, 39 F. 2d 540, has determined the amount of loss at $2,500.

The respondent contends further that even though the amount of the alleged loss is established, it is nevertheless not deductible because it was neither a theft nor an embezzlement. The determination of the Commissioner was merely that the alleged loss had not been substantiated and was disallowed "Pending further substantiation." The record supplies further substantiation to the extent of $2,500 at least and that overcomes the determination of the Commissioner. Furthermore, the deduction is not limited to theft since embezzlement has frequently been held sufficiently like theft to give rise to a deduction under section 23 (e) (3) as the Commissioner admits. Cf. *The Morris Plan Co. of St. Joseph*, 42 B. T. A. 1190, appeal dismissed 122 F. 2d 412, holding that a sale of forged mortgages was a "theft." He advances no persuasive argument that loss from felonious acts such as Landstrom was guilty of should not be regarded as deductible under section 23 (e) (3). Landstrom received the $7,500 as his own and agreed to build the building. Had he wanted to terminate the agreement, honesty would have required him to have a settlement with the petitioners and pay back to them at least some portion of the $7,500 to which they then had a right. But instead of doing that, he feloniously absconded with the remaining portion of the $7,500. It would take nice reasoning to distinguish this from theft or embezzlement and the Court is not prepared to say that this portion of the Commissioner's argument has any merit.

*Decision will be entered under Rule 50.*