OPINION. Kern, Judge: The question presented by this case concerns the propriety of a deduction of $1,000 taken by petitioners in each of the taxable years on account of the circumstances set forth in our findings of fact. Eespondent contends that the payments made by petitioners to the unpaid materialmen and mechanics “resulted in losses instead of bad debts which, the petitioners, as individuals, may not deduct” under any provision of the Internal Eevenue Code[1] and, in the alternative, that if the payments resulted in debts owned by petitioners they were valueless at the time of their creation and could not have become worthless. Eespondent also argues halfheartedly that the payments made by petitioners constituted capital expenditures which should be added tq their basis for the property. This argument is without merit. The Leichner & Jordan Co., 4 B.T.A. 133; Lena G. Hill, 8 B.T.A. 1159. We analyze the transactions here involved as follows: When petitioners made the payments here involved they became subrogated to the debts owed to the mechanics and materialmen by the contractors and thereby became creditors of the contractors. Des Moines Furnace & Stove Repair Co. v. Lemon, 244 Iowa 316, 56 N.W. 2d 923. These payments were made and the debtor-creditor relationship between the contractors and petitioners arose involuntarily on petitioners’ part. They made the payments, not as gifts or contributions to capital, cf. E. J. Ellisberg, 9 T.C. 463, but because they were advised by counsel that if they did not make them they would lose their home which, under the Virginia statutes, stood as security for the claims paid. In our opinion there is no distinction in principle between the circumstances of this case and those in Shiman v. Commissioner, 60 F. 2d 65, Peter Stamos, 22 T.C. 885, and George Aftergood, 21 T.C. 60. See Houle v. Commissioner, 173 F. 2d 821, in which payments made to protect the payors’ interest in property were referred to as “made mandatory by what they considered sound business judgment.” (Emphasis supplied.) Where, as in this case, sound business judgment makes mandatory the payment of claims which are in effect secured by the property of the payor in order to prevent the loss of such property on foreclosure, the payment is, for all practical purposes, quite as “involuntary” as it would be bad tbe payor been a formal guarantor of the debts represented by the claims. Therefore, the creation of a debtor-creditor relationship as between the owner of the property and the original obligor of the claims as a result of sub-rogation was involuntary, and consequently the worthlessness of the debts at the time they were thus created[2] is irrelevant in considering their deductibility. The case of Caroline D. Thompson, 22 T.C. 507, is distinguishable since in that case the payment of the debts resulting in subrogation was not involuntary but was motivated by tax considerations. Because of certain omissions of proof we are unable to determine the exact total net principal amount of the debts to which petitioners became subrogated by reason of the payments here involved. Obviously, the amount of the judgment later obtained represents to a great extent the total principal amount of such debts, but it may also represent a relatively small amount of interest; and the unpaid balance of such debts may also have to reflect an adjustment on account of the settlement with First Federal. However, this case involves the de-ductibility over the 3 taxable years of a total amount of only $3,000 of such debts. It seems clear to us from the record (and respondent makes no argument to the contrary) that the total amount of the claims of mechanics and materialmen paid by petitioners was in excess of $6,000, and we have so found. The issue presented herein is decided in favor of petitioners. Decision will be entered under Rule 50. The record herein does not justify a conclusion that there was a theft loss and petitioners do not so contend. Cf. Thomas Miller, 19 T.C. 1046. The finding as to the worthlessness of these debts at that time Is made by reason of a lack of satisfactory proof to the contrary.