SANDRA LYNN MALLORY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mallory v. Commissioner
Docket No. 12545-89
United States Tax Court
T.C. Memo 1990-152; 1990 Tax Ct. Memo LEXIS 176; 59 T.C.M. (CCH) 184; T.C.M. (RIA) 90152; March 21, 1990
Sandra Lynn Mallory, pro se. J. Mack Karesh, for the respondent. GOLDBERG
*336 MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1954. [1]
Respondent *177 determined the following deficiency in, and additions to, petitioner's 1984 Federal income tax: Additions to Tax
Deficiency
Section 6653(a)(1)
Section 6653(a)(2)
$ 982
$ 49.10
*
The only issues for decision are (1) whether petitioner is entitled to a deduction of $ 8,364 under section 165(c)(3), and (2) whether petitioner is liable for additions to tax pursuant to section 6653(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Crestwood, Missouri, when she filed her petition. On November 18, 1981, petitioner contracted with Colemon Moving and Storage (Colemon) and Sloan's Moving and Storage (Sloan), both of St. Louis, Missouri, to move and store her personal household goods. On this same day, Colemon-Sloan moved petitioner's furniture from the basement apartment in which she and her three children had lived since 1980, to a storage warehouse. Pursuant to the terms of the moving and storage *178 contracts, petitioner owed Colemon-Sloan $ 622.10 for their services. Petitioner initially believed that this amount was not due until she was financially able to pay it. However, petitioner eventually received notice through the mail from Colemon-Sloan that her stored property would be sold if the $ 622.10 was not paid. Petitioner never paid the charges and in 1984 she discovered that her furniture was sold to a local furniture store in 1983 or 1984. On Schedule A, attached to her 1984 Federal income tax return, petitioner claimed a deduction of $ 8,364 for the loss of her property. On Form 4684, also attached to her 1984 Federal income tax return, petitioner estimated both the cost basis and the fair market value of her furniture to be $ 10,000. Petitioner contends that she is entitled to the claimed deduction because her furniture was sold by Colemon-Sloan without her consent. Respondent contends that under Missouri law no theft occurred and, therefore, petitioner is not entitled to a deduction for a theft loss under section 165(c)(3). Section 165(c)(3) allows a deduction for losses arising from theft. The word "theft" is broadly defined to include any criminal appropriation *179 of another's property. Edwards v. Bromberg, 232 F.2d 107, 110 (5th Cir. 1956) A theft loss is deductible as long as it is an illegal taking of property under the law of the state wherein the particular loss occurred. Horn v. Commissioner, 90 T.C. 908, 940 (1988); Norton v. Commissioner, 40 T.C. 500 (1963), affd. 333 F.2d 1005 (9th Cir. 1964). Petitioner bears the burden of proving her entitlement to a theft loss deduction. Welch v. Helvering, 290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner does not cite the Missouri law on which she relies for her contention. However, Missouri law defines stealing as the appropriation of the property or services of another with *337 the purpose to deprive her thereof, either without her consent or by means of deceit or coercion. Mo. Ann. Stat. § 570.030 (Vernon 1979); State v. Bradshaw, 643 S.W.2d 834 (Mo. App. 1982). If a person appropriates the property of another, he takes or steals it for his own exclusive use with no intent *180 to repay or return it. State v. Davis, 675 S.W.2d 652 (Mo. App. 1984). Under Missouri law, a storage company can enforce a lien against stored goods by sale of such goods, provided it follows certain procedures. Mo. Ann. Stat. § 400.7-210 (Vernon 1965). Petitioner has failed to establish that Colemon-Sloan's actions did not conform to these procedures, or in other way can be characterized as a theft. Based on the record before us, we cannot say that, under Missouri law, petitioner's household goods were stolen. Rather, unfortunately for petitioner, the furniture was sold by Colemon-Sloan when petitioner failed to satisfy her debt for the moving and storage charges. See Mullins v. Commissioner, T.C. Memo. 1974-204. Furthermore, even if petitioner were to establish that a theft occurred under Missouri law, she has not sufficiently established either the cost basis or fair market value assigned to the property on her 1984 Form 4684. At trial, petitioner testified that much of the property was acquired as long ago as 1965 and 1973, yet she arbitrarily estimated the cost basis and the fair market value of it to be the same. We believe that the *181 long passage of time has made it not only difficult for petitioner to remember the actual cost of the items, but also difficult for her to estimate their fair market value in 1984. Nevertheless, petitioner has not met her burden of proof with regard to the issue. Therefore, we hold that petitioner has not established the claimed loss within the purview of section 165(c)(3). Respondent also determined additions to tax under section 6653(a) for negligence or intentional disregard of rules or regulations for 1984. Petitioner has the burden of proving respondent's determination of the additions to tax is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). From the record, we do not believe petitioner was negligent or intentionally disregarded rules or regulations in claiming the theft loss deduction. Rather, we believe that petitioner made an honest mistake as to the law with regard to the taxation of such a loss. Therefore, petitioner is not liable for additions to tax pursuant to section 6653(a). Decision will be entered for respondent except as to the additions to tax under section 6653(a). Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue, unless otherwise indicated.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩