**CARL REIMERS CO., Inc.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 125, Docket 22835.

United States Court of Appeals Second Circuit.

Argued Feb. 9, 1954.

Decided March 17, 1954.

---

Robert Lee Henry, New York City, for petitioner; Walter Pick, New York City, of counsel.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Meyer Rothwacks, Sp. Assts. to the Atty. Gen., for respondent.

Before CHASE, Chief Judge, and A. N. HAND and MEDINA, Circuit Judges.

CHASE, Chief Judge.

The petitioner, Carl Reimers Co., Inc., seeks reversal of a decision of the Tax Court disallowing a deduction under § 23(a)(1)(A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a)(1)(A), of a payment of $4,590.83 which it claims was an ordinary and necessary business expense incurred in its fiscal year ending March 31, 1947. It is a New York corporation, organized in 1946 by Carl and Peg Reimers, each of whom own fifty per cent of its stock. It operates an advertising agency which derives its income from the placement for its clients of advertising in newspapers and magazines and on the air. It received income in the form of commissions which are paid by those with whom it places advertising.

For the first months of its operation, the petitioner dealt only in magazine and radio advertising, that being the only media required by its clients. However, in October, 1946, a newly obtained client required extensive advertising in New York City newspapers and the petitioner expanded into that field by placing such advertising in considerable volume.

In order to do that in New York City newspapers and receive the customary fifteen per cent commission, an advertising agency is faced with the practical necessity of obtaining "recognition" from the Publishers' Association of New York City, a local newspaper association. In the absence of such recognition the agency is usually required to pay the newspapers cash in advance and is denied the commission. Recognition, on the other hand, generally results in extension of credit to the agency and payment of commissions to it.

The Publishers' Association has a committee which passed on applications for recognition, and usually it is granted if the applicant has a satisfactory financial standing and is managed by persons of good reputation and advertising experience. This function of the association apparently relieves the individual newspapers of the burdensome task of investigating the status of each individual agency desiring to place advertising.

In November, 1946, the petitioner filed an application for recognition by the association. The application was rejected, the reason being that Carl Reimers had previously been a fifty-one per cent stockholder in the advertising firm of Reimers, Whitehall and Sherman, Inc., which went bankrupt in 1933 owing substantial sums to various newspapers in the association and also to members of the American Newspaper Publishers Association, a national organization of the same type as the New York association. The payment of what was treated as

Reimers' pro rata share of the old corporation's indebtedness to the creditor newspapers was, however, made a condition upon the granting of recognition to the petitioner. This amount was $4,590.83 and was paid to the American Newspaper Publishers Association by the petitioner in cash and notes on February 25, 1947. Shortly thereafter, in March 1947, the petitioner was granted recognition by the Publishers' Association of New York City, and recognition by the American Newspaper Publishers Association followed that. After receiving recognition the petitioner informed those New York papers with which it had already placed advertising and they paid it commissions which had accrued.

In its income tax return for the fiscal year ending March 31, 1947, the petitioner took the payment of $4,590.83 as a deduction for an ordinary and necessary business expense under Section 23 (a)(1)(A), I.R.C. A disallowance of this deduction by the Commissioner resulted in the assessment now in controversy, the Tax Court having sustained the Commissioner. 19 T.C. 1235.

The Tax Court relied on Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L. Ed. 212, and we agree that the rationale of that decision is controlling. There the taxpayer was in business as a commission agent and paid debts of a corporation which had gone bankrupt in a like business. But it had borne his name, he had been its secretary, and, though the debts of the old corporation had been discharged, its creditors were prospective customers of the taxpayer at least to some extent. In order to obtain the good will of such customers, the taxpayer decided for practical purposes to pay off the discharged debts. It was held that such payments were not deductible as ordinary business expenditures but more akin to capital investment.

In Dunn & McCarthy v. Commissioner, 2 Cir., 139 F.2d 242, we held the payment by a corporation of the debts of its president to be deductible as an ordinary and necessary business expense, but we think that the grounds on which that case was distinguished from the Welch case serve to distinguish it from this one. Those debts were owed by its president to its salesmen, the president having committed suicide when "hopelessly insolvent," and the payments thus made to protect and retain the existing good will of customers and the loyalty of the salesmen were held to be within Section 23(a)(1)(A).

But this petitioner was expanding into a new line of advertising. In order to do so successfully, it was faced with the necessity of making certain non-recurrent payments to put itself in shape to do that.. They were not made for the purpose of protecting or retaining what the petitioner already had, but to fulfill a prerequisite to the attainment of something new. Without the payments, the petitioner would have been unable to get credit and commissions, and it would have been unable to operate profitably in the new field. Recognition was renewed automatically at periodic intervals provided the petitioner continued to comply with stated conditions and what it got in return for the payment of the old corporation's debts was a continuing status which gave it the ability to transact the new business profitably. The price of that has so many of the characteristics of a capital expenditure which enabled the petitioner to offer on satisfactory terms a related, but nevertheless different kind of advertising service, that it should be treated taxwise as for its capital account. Cf. Grace National Bank v. Commissioner, 15 T.C. 563; affirmed 2 Cir., 189 F.2d 966.

The petitioner, however, argues that it made the payments to protect business it already had and to collect income already earned. This contention rests on the fact that before obtaining recognition it had placed considerable newspaper advertising for one of its clients, and recognition made the commissions thereon collectible from the newspapers. Even so, the immediate acquisition of commissions on past placements was an incident of recognition which is not to

be isolated; it was but the result of what may well have been business done in anticipation of recognition, without which no commissions would be collectible. Such an interim risk is not to be treated in this setting as the establishment of a going business in the placement of newspaper advertising in New York City which was to be protected by any enhancement of customer good will.

Decision affirmed.