D. Holland Wessell and Grace L. Wessell v. Commissioner.
Wessell v. Commissioner
Docket No. 91685.
United States Tax Court
T.C. Memo 1963-11; 1963 Tax Ct. Memo LEXIS 335; 22 T.C.M. (CCH) 32; T.C.M. (RIA) 63011; January 11, 1963
B. W. Turner, Esq., 157 Miracle Mile, Coral Gables, Fla., for the petitioners. Kenneth G. Anderson, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax in the amount of $371.36 for the year 1957. The sole issue is whether expenditures made by one of a group of promoters in connection with the incorporation of the University Federal Savings and Loan Association of Coral Gables, Florida, are deductible under Section 212 of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and, as stipulated, are incorporated *336 herein by reference. Petitioners, husband and wife, are residents of Coral Gables, Florida. They filed a joint Federal income tax return for the taxable year ended December 31, 1957, with the district director of internal revenue, Jacksonville, Florida. D. Holland Wessell (hereinafter referred to as Wessell) has been in the construction business for many years. He has been an officer and sole stockholder of the Wessell Construction Company (hereinafter sometimes referred to as Company) and Wessell Construction Industries, Inc. (hereinafter sometimes referred to as Industries) since the dates of their incorporation in the years 1954 and 1957, respectively. The business of both Company and Industries is the general construction of homes and apartment houses. Their principal offices are in Coral Gables, Florida, and their principal place of business is in and around South Florida. As president of these corporations, Wessell's duties include the preparation of bids for construction projects and general supervision of construction contracts obtained by them. Wessell reported salary income from Company and Industries for the taxable years 1956 and 1957 in amounts as follows: 1956
1957
Company
$650.00
$13,500.00
Industries
900.00
*337 For the taxable years 1956 and 1957, Wessell reported no income from rendition of personal services on his Federal income tax returns other than salary income from Company and Industries. In 1955 Wessell joined a group of seven other persons who were applying to the Federal Home Loan Bank Board for permission to organize a new Federal savings and loan association in Coral Gables, Florida. The application filed by the organizers was approved by the Federal Home Loan Bank Board, and on January 8, 1958, it issued a charter to the University Federal Savings and Loan Association of Coral Gables, Florida (hereinafter referred to as the Association). On February 24, 1958, the Association was opened to the public for business. As a condition to obtaining the charter the organizers were required to "post" $100,000 for five years so as to protect the Association against losses during that period. Petitioner advanced $12,500 as his share of that amount. Prior to the issuance of a charter to the new association, Fred B. Hartnett and Pat Caesarano, two of the organizers, served as trustees for the purpose of gathering from the organizers funds needed for organizational expenses and making *338 the necessary disbursements. The dates and amounts of the advances made by Wessell to Hartnett, as trustee, to defray organizational expenses, less the amount refunded to him by Hartnett, were as follows: Date
Amount
August 18, 1955
$ 500.00
December 5, 1957
2,000.00
April 18, 1958
592.94
$3,092.94
Less refund of March 19, 1958
1,848.92
$1,244.02
Identical amounts were collected by Hartnett and Caesarano, as trustees, from the other seven organizers and identical refunds were made to them. The expenditures were for economic research, preparation of the application to the Federal Home Loan Bank Board, traveling expenses to and from Washington, and legal expenses in connection with a hearing prior to the award of the charter, and they were all incurred in obtaining the charter from the Federal Home Loan Bank Board. At the first organization meeting of the Association after incorporation, its organizers, including Wessell, were elected to membership on its board of directors, and they have continued to be members of the board to the present time. The Association does not have shares of stock outstanding in the usual sense. By making a deposit with *339 the Association petitioner became a "shareholder" along with all other depositors. Each depositor became entitled to a given number of "shares" (not exceeding 50) in proportion to his deposits, and was entitled to vote in respect of such shares at the annual shareholders' meeting. However, when opening their accounts, a majority of the depositors gave proxies without limitation as to time to members of the Association's board of directors. Although the depositors could nevertheless vote in person, the majority of them in fact did not do so; it was normal practice for the management group to vote the proxies. On or about February 24, 1958, Wessell was appointed the Association's chief appraiser and inspector and has served in that capacity since that time. For each appraisal Wessell has received a fee of approximately $6. The amounts received by Wessell from the Association for director's fees and appraisal and inspection fees since it was incorporated in 1958 were as follows: Appraisal
Director's
and Inspec-
Year
Fees
tion Fees
1958
$ 175.00
None
1959
None
None
1960
625.00
$3,888.00
1961
1,100.00
3,600.00
1962 (Jan. through April
1st)
75.00
1,584.00
$1,975.00
$9,072.00
*340 Petitioner anticipates remaining as a director and appraisal officer of the Association both for the "immediate future" and the "extended future". Petitioner's contribution to the Association's organization expenses was motivated by the expectation of receiving fees from the Association as an appraiser as well as a director; he also expected that his connection with the Association would enhance his stature as a community leader and successful contractor with the result that his corporation or corporations would receive new construction contracts. Such expectations have in fact been realized. Petitioners' income tax return for 1957 claimed a deduction of $1,244.02 for "Money expended in formation of Federal Savings & Loan Assn." The Commissioner disallowed the deduction. Opinion RAUM, Judge: Although there are analogous cases furnishing some justification for the Commissioner's disallowance of the contested deduction (cf. Morton Frank, 20 T.C. 511, 514; Dwight A. Ward, 20 T.C. 332, 343-344, affirmed on other issues, 224 F. 2d 547 (C.A. 9); Carl Reimers Co., 19 T.C. 1235, 1239-1240, affirmed 211 F. 2d 66 (C. *341 A. 2); McDonald v. Commissioner, 323 U.S. 57; Sec. 1,212-1, Income Tax Regs.), the present case is factually closer to Cubbedge Snow, 31 T.C. 585, which is not fairly distinguishable. [1] We accordingly follow Cubbedge Snow here and hold that the expenses incurred are deductible. The Commissioner has also raised an issue as to the amount of the deduction. The record shows that petitioner expended $2,000 in 1957, but that his net outlay (taking into account expenditures in 1955, 1957 and 1958, as reduced by the 1958 refund) was only $1,244.02, which he seeks to deduct in 1957. Conceivably petitioner might have claimed the entire $2,000 expended in 1957 as a deduction for that year, reporting the subsequent refund as income for 1958. We cannot say that the claimed deduction of an amount less than $2,000 *342 for 1957 was incorrect. While the matter is not free from doubt we hold that he is entitled to the contested deduction of $1,244.02. Decision will be entered under Rule 50. Footnotes
1. As ground for the deduction petitioner originally urged in substance that the expenses were intended to benefit his corporations as well as to provide him with additional income through appraiser's and director's fees. He no longer relies upon the first ground which obviously would not support the deduction. Cf. Harry Kahn, 26 T.C. 273↩.