H. WILLIAM IHRIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48362. Filed April 11, 1956.

*H. William Ihrig, pro se.*
*Thomas J. Donnelly, Jr., Esq.,* for the respondent.

74

## OPINION.

OPPER, *Judge:* Petitioner, an officer-stockholder of two corporations which lacked cash to meet current expenses, paid certain corporate expenses to keep the corporations alive. The claimed benefit to him was to forestall enforced closings of the businesses and thus avoid personal liabilities which might otherwise be imposed upon

him as a stockholder and surety or guarantor. He seeks to justify his deduction of these payments as expenses incurred by him in carrying on a trade or business. Petitioner's payments were primarily those required in the current operation of the business and not the expenses which might ultimately devolve upon him as an individual. The latter included principally an obligation for Federal and State alcohol tax, and an indemnity agreement covering a warehousing bond.

The fact that an expenditure is necessary in the sense that it is compelled by a guaranty or other legal obligation, *Interstate Transit Lines* v. *Commissioner*, 319 U. S. 590, or even that it is ordinary, see *Kornhauser* v. *United States*, 276 U. S. 145; cf. *Welch* v. *Helvering*, 290 U. S. 111, does not necessarily show that it is a "business" expense. *Bing* v. *Helvering*, (C. A. 2) 76 F. 2d 941; cf. *Commissioner* v. *Heininger*, 320 U. S. 467. Yet all three requirements must be fulfilled to secure the application of section 23 (a) (1) (A). Petitioner, as the stockholder, was not operating the businesses of the corporations, *Burnet* v. *Clark*, 287 U. S. 410. And while the payments would have been expenses of the business of the corporations had they been paid by them, they were, as a necessary consequence, not the business expenses of petitioner. It follows that even to the extent that some of these payments may have been required by law to be paid by petitioner on the corporations' default, that would not eliminate the distinction between the business of the corporations and that of petitioner. See *Interstate Transit Lines* v. *Commissioner*, *supra; Estate of C. L. Hayne*, 22 T. C. 113, 120–121.

What petitioner was actually doing and what, in fact, he claims to have done, was to safeguard and maintain the existence of the corporations so as not to jeopardize his personal interest. "Payments made by a stockholder of a corporation for the purpose of protecting his interest therein must be regarded as additional cost of his stock and such sums may not be deducted as ordinary and necessary expenses." *Eskimo Pie Corporation*, 4 T. C. 669, 676, affirmed per curiam (C. A. 3) 153 F. 2d 301.

Whether such payments, if not a capital investment, created a debt from the corporations to petitioner, whether that debt became worthless, and whether, if so, it would be deductible, we need not consider. See, e. g., *Idol* v. *United States*, (S. D., Cal., Feb. 7, 1956) 56–1 U. S. T. C. Par. 9384, 1956 P. H. Fed. Par. 72513. Petitioner does not now contend that the bad debt provisions are any ground for his claimed deduction.

No evidence was introduced as to the imposition of the "penalty" under section 291 (a). It is apparently conceded that the disposition of this issue must follow the substantive question.

*Decision will be entered for the respondent.*