LEON D. HOROWITZ AND SHIRLEY HOROWITZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horowitz v. Commissioner
Docket No. 11806-77.
United States Tax Court
T.C. Memo 1979-27; 1979 Tax Ct. Memo LEXIS 499; 38 T.C.M. (CCH) 108; T.C.M. (RIA) 79027; January 17, 1979, Filed Gerald H. Lean, for the petitioners. Susan B. Watson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1974 in the amount of $ 921.25. The only issue for decision is whether petitioner Leon D. Horowitz properly deducted $ 3,685 as an ordinary and necessary business expense under section 162(a)[1] on petitioners' 1974 income tax return. *500 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Leon D. Horowitz and Shirley Horowitz, husband and wife, resided in Baltimore, Maryland, at the time they filed the petition in this case. Petitioners filed their joint 1974 Federal income tax return with the Internal Revenue Service Center, Philadelphia, Pennsylvania. Leon D. Horowitz (hereinafter petitioner) is employed as an athletic coach and health education teacher in the Baltimore Public School System. In addition to this position, petitioner runs a summer camp for boys in Naples, Maine. The camp was purchased in 1948 by petitioner, Maurice Schreiber, and Herbert Blumenfeld for $ 4,000 each. Thereafter, the camp was incorporated under the name of Camp Skylemar, Inc. (hereinafter the corporation). From 1948 to 1967, petitioner, Maurice Schreiber and Herbert Blumenfeld each owned one-third of the capital stock of the corporation. In 1967, Schreiber's interest was redeemed by the corporation, and petitioner and Herbert Blumenfeld became equal 50 percent voting shareholders. Petitioner was then *501 given a 60 percent capital interest in the corporation in recognition of his previous service to the camp. Petitioner serves as the president of the corporation and acts as director and chief recruiting officer of the summer camp. His duties at the camp include coordination and direction of all camp activities. During the other seasons of the year petitioner recruits boys to attend the camp by traveling to various cities on the East Coast. On November 4, 1967, petitioner entered into an employment agreement with the corporation on substantially the same terms and conditions as those in an oral agreement under which he had performed since 1948. The agreement provided, in pertinent part: 2. Salary. During the period of employment, in addition to any pension, profit-sharing or bonus payments allocable to the Employee, Corporation shall pay to the Employee as compensation for his services the sum of Five Thousand ($ 5,000.00) Dollars per year. The Board of Directors may authorize an increase to said salary, or any bonus payments, as they shall deem advisable or appropriate. The salary may be reduced should the Corporation not be in a financial position to pay same. *502 * * * 4. Duties. Employee shall devote as much time and attention as is necessary from October to May of each year to signing up campers to attend camp. From June to September each year, he will devote full time and attention to being camp director. 5. Expenses. During the period of his employment, Employee will be reimbursed for his reasonable expenses to the extent possible in accordance with the Corporation's financial ability to make said reimbursements as determined by Corporation's Board of Directors at the end of each year. In addition to such reimbursible [sic] expenses, the Employee shall incur and pay in the course of his employment by the Corporation certain other expenses necessary to discharge his duties for which he will be required personally to pay, but for which the Corporation shall be under no obligation to reimburse or otherwise compensate him, including, but not limited to the following: automobile and transportation expenses; entertainment and promotional expenses; home telephone bills; costs of maintaining facilities for meeting with campers and their parents in the Employee's home; club dues and the expenses of membership in civic groups, *503 and all other items of reasonable and necessary expenses incurred by the Employee in the interest of the business of the Corporation in which the Employee has been employed. Nothing in this paragraph shall prevent the Corporation from assuming to pay, or reimbursing the Employee for, any expenses in any of the categories above enumerated. No salaly was paid to petitioner by the corporation in 1974 because the board of directors, which consisted of petitioner, Mr. Blumenfeld (a close friend and the only other shareholder), and Mr. Land (an employee of the corporation), determined that the camp was financially unable to pay the salary. While $ 5,000 is the authorized salary, such an amount has never been paid to petitioner. In some years, however, petitioner received between $ 1,000 and $ 2,000. In connection with the performance of his recruiting and directing duties, petitioner expended the following amounts: Expense
Amount
Travel $ 637
Office
600
Tolls
41
Automobile
2,617 The office expense of $ 600 was computed by allocating 10 percent of the utility, insurance and maintenance costs of petitioner's private residence to the room used by petitioner *504 as the business headquarters of the corporation. In addition, depreciation on the room and its furnishings were included in the $ 600 figure. The automobile expense of $ 2,617 was computed by use of the optional mileage method authorized by the Internal Revenue Service. The travel expense of $ 637 included overnight lodging, meals, and transportation expenditures incurred in the recruitment of prospective campers. Petitioner was reimbursed by the corporation for $ 1,100 of the expenses he incurred. He offset the reimbursement against the deduction on his 1974 income tax return. Although the employment agreement specified that the corporation was under no obligation to reimburse petitioner for any of the expenditures enumerated above, it was the corporation's policy to pay for gasoline. Moreover, the corporation in preceding and subsequent years fully reimbursed petitioner for all expenditures incurred, including those which the corporation had no obligation to pay under the contract. Although petitioner's stock interest in the corporation was worth at least $ 100,000 in 1974 primarily as a result of increased property values, petitioner did not consider the camp as a major *505 source of income for his family. During the summers, petitioner, his wife, and children would go to the camp. During 1974, in addition to being employed by Camp Skylemar, Inc., petitioner also served as an officer of Kenlee Precision Corporation, directed a basketball tournament sponsored by Schaefer Beer, and independently owned and managed several rental properties. In these activities petitioner incurred and deducted on the 1974 joint return the following expenditures: Kenlee Precision
Schaefer
Rental Expense
Corporation
Tournament
Properties
Automobile $ 138
$ 99 $ 207
Entertainment
299
Parking
30
40
47
Tolls
10
20 $ 178 $ 458 $ 254
Petitioner's automobile, parking and toll expenses in respect of his services for Kenlee Precision Corporation arose in connection with his monthly visits to corporate headquarters to discuss corporate operation and finance. Petitioner, in the maintenance and supervision of his rental properties, incurred automobile and parking expenses. Finally, the expenses incurred in connection with his services as director of the basketball tournament resulted from entertainment of prospective participants *506 and concurrent automobile, parking and toll expenditures. OPINION Section 162 regulates the deductibility of all ordinary and necessary expenses paid or incurred by an employee during a taxable year in which the employee carries on a trade or business. To secure a deduction under this provision the employee must demonstrate that the expenditure was incurred in his trade or business, was both an ordinary and necessary expenditure, and that reimbursement by his employer was neither anticipated nor probable. Fountain v. Commissioner,59 T.C. 696 (1973); Flower v. Commissioner,61 T.C. 140, 154-55 (1973); Westerman v. Commissioner,55 T.C. 478, 482 (1970); Rink v. Commissioner,51 T.C. 746, 751 (1969); Koree v. Commissioner,40 T.C. 961, 965-66 (1963); Stolk v. Commissioner,40 T.C. 345, 356-59 (1963), affd. 326 F.2d 760 (2d Cir. 1964). Petitioner asserts that he was required, as a condition of his employment with Camp Skylemar, Inc., to incur certain expenses for which *507 he would not receive reimbursement. He maintains that the contract provisions requiring his payment of such expenses puts him within the ambit of respondent's position in Revenue Ruling 57-502, 57-2 C.B. 118. In addition, petitioner relies on Lockwood v. Commissioner,T.C. Memo. 1970-141 and Holland v. United States,311 F. Supp. 422 (C.D. Cal. 1970). Respondent, on the other hand, contends that the expenses incurred by petitioner were those of the corporation and deductible solely by it. [2] Respondent urges that we ignore for various reasons petitioner's agreement with the corporation. First, respondent maintains that the small salary historically paid to petitioner and the lack of any salary paid in 1974 demonstrate that the expenses were not incurred by petitioner in an income producing trade or business. Second, petitioner, the majority shareholder and president of the corporation, and his close friend, the only other shareholder, adopted the employment agreement and enforced it at their pleasure. In this regard, respondent notes, reimbursement of petitioner's expenses was usually made, notwithstanding a lack of legal corporate *508 obligation to do so. This lack of an "arm's length" atmosphere, respondent asserts, requires that we consider the agreement as nothing more than a ruse to pass proper corporate expense deductions to a shareholder who could take better advantage of such deductions.Finally, respondent maintains that a shareholder who expends his own resources in payment of corporate expenses is not entitled to a business expense deduction under section 162.We agree with respondent that petitioner is not entitled to deduct these expenditures. In evaluating whether an employee may properly deduct expenditures incurred in the performance *509 of his duties, proper regard must be given to contractual provisions which necessitate that an employee expend certain amounts. Holland v. United States,311 F. Supp. 422 (C.D. Cal. 1970); Lockwood v. Commissioner,T.C. Memo 1970-141. In Lockwood we held that where it was agreed that officers of a corporation would pay certain traveling and entertainment expenses incurred on behalf of the corporation, such expenses were ordinary and necessary business expenses under section 162(a). The District Court in Holland held similarly on this issue. In both cases the officers of the corporations were not shareholders and were earning substantial salaries. Finally, in Revenue Ruling 57-502, 57-2 C.B. 118, upon which petitioner relies, the Internal Revenue Service approved the deductibility of certain expenditures incurred by a corporate officer pursuant to a corporate resolution mandating such employee outlays. We are not convinced here, however, that the contract provisions should be accepted as conclusive on the issue of whether the business expenses paid by petitioner were his or those of the corporation. A close examination *510 of the contract reveals that the salary and reimbursement provisions, although set at a certain level and authorized in certain situations, respectively, were completely in the discretion of the corporation's board of directors to change at will. The board of directors was composed of petitioner, Mr. Blumenfeld, who was a close friend of petitioner and the corporation's only other shareholder, and an employee of the corporation. Thus, petitioner's salary was never paid at the $ 5,000 amount designated in the contract but fluctuated between zero and $ 2,000. On the other hand, expenses incurred by the petitioner were usually fully reimbursed even though the corporation in the first instance had no obligation to do so. Under these circumstances we think the minimal and irregular salary paid to petitioner did not justify his agreement to incur substantial expenditures and, consequently, the contract provisions should not be given effect. Since we do not accept the contract as probative of the necessity of the expenditures by petitioner or of the lack of probable reimbursement, we are left solely with a situation in which an employee of a corporation who is also its majority shareholder *511 has voluntarily paid certain corporate expenses which he was under no obligation to assume. Such expenditures may not be deducted by the employee since they are not considered necessary employee expenses. Westerman v. Commissioner,supra at 482; Stolk v. Commissioner,supra at 356-57. As we have stated earlier, petitioner must show both that he was required to make such payments and that reimbursement would not be forthcoming. Stolk v. Commissioner,supra at 356-57. Petitioner's status as a shareholder likewise does not provide a legitimate basis under these factual circumstances for permitting a business deduction under section 162. We have held on numerous occasions that a shareholder is not entitled to deduct from his personal income payment of expenses made on behalf of the corporation. Rink v. Commissioner,supra at 752; Koree v. Commissioner,supra at 965-66; Kahn v. Commissioner,26 T.C. 273, (1956); Ihrig v. Commissioner,26 T.C. 73 (1956). *512 Where payments are made to protect or enhance the value of a person's stock in the corporation, such payments are generally treated as capital contributions. Koree v. Commissioner,supra at 966. Since we conclude that petitioner was not required to make these expenditures for Camp Skylemar, Inc., we hold that he is not entitled to any deduction for such amounts under section 162. Petitioner also expended certain amounts for parking, mileage and tolls as a corporate officer for Kenlee Precision Corporation. The expenses were incurred in petitioner's monthly visits to corporate headquarters to discuss corporate operations and finance. Petitioner has not demonstrated that such expenses were required by the corporation or that the corporation would not reimburse him. Westerman v. Commissioner,supra at 482. Moreover, we are not convinced that such expenses represent anything other than nondeductible commuting costs incurred in visiting corporate headquarters. Sections 1.162-2(e), 1.212-1(f), 1.262-1(b)(5), Income Tax Regs.; Commissioner v. Flowers,326 U.S. 465 (1946). Accordingly, petitioner is not entitled to deduct *513 the expenses incurred in connection with his employment at Kenlee Precision Corporation. [3]
Petitioner owned and managed several rental properties in Baltimore for which he deducted related expenses for transportation and parking in the amount of $ 254. [4] Such expenses are properly deductible. Sec. 212; Sec. 1.212-1(a), (o), Income Tax Regs. Petitioner's failure to include the transportation and parking expenditures on the proper schedule on the 1974 return does not negate his right to deduct costs against the income realized from the rental properties. *514 Finally, petitioner incurred automobile, entertainment, parking and toll expenditures in the amount of $ 458 in his performance as director of a basketball tournament for Schaefer Beer. Such expenses, we think, are clearly deductible under section 162. To reflect the disposition of issues in this case, Decision will be entered under Rule 155.
Footnotes
1. Unless specified otherwise, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩
2. Respondent does not challenge petitioner's substantiation of any of the expenses at issue here. Likewise, respondent does not challenge the substantiation of expenditures made by petitioner in his employment with Kenlee Precision, his services for Schaefer Beer as director of a basketball tournament, or his management of several rental properties. Respondent challenges in all cases the propriety of taking the deduction, not the amount or substantiation of the amount.↩
3. Petitioner's status as a corporate shareholder in Kenlee Precision Corporation does not provide any basis for deduction under section 212.See Kinney v. Commissioner,66 T.C. 122↩ (1976).
4. Petitioner utilized the optional method authorized by respondent in computing the mileage deduction on the return. Rev. Proc. 74-23, 74-2 C.B. 476↩. This method is applicable to an employed or self-employed individual in his trade or business. This method does not, however, appear to be available in those situations in which a taxpayer holds and manages property for the production of income. Respondent, however, has stipulated to the number of miles petitioner drove in connection with this activity and has not challenged the computation under the optional method or its use in this case. Since we realize that petitioner must have expended definite amounts for gas, oil, repairs, parking, etc., we accept the $ 254 as an appropriate amount for the deduction.