HARRY KAHN AND EMMA Y. KAHN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52217.    Filed May 16, 1956.

*Warren Roberts, Esq.*, for the petitioners.
*A. Jesse Duke, Jr., Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency in income tax for the year 1949 in the sum of $871.90. Harry Kahn, hereinafter called the petitioner, and Emma Y. Kahn, are husband and wife. They reside in New York City and they filed their joint income tax return for the year 1949 with the collector of internal revenue for the second district of New York.

The entire deficiency arises by reason of respondent's disallowance of a deduction of $2,108.12, which was money expended by petitioner in entertaining customers of Bernheimer & Brothers, Inc., a textile corporation in which petitioner had a substantial stock interest.

Petitioner was the sole witness in the case. He and his immediate family owned one-half of the stock ($100,000 worth) in Bernheimer & Brothers, Inc., and his brother, Joseph Kahn, owned the other half of the stock of the corporation. He had suffered a nervous breakdown in 1928 and he induced his brother to be a half partner in his textile business, which business was incorporated in 1947 as Bernheimer & Brothers, Inc., with ownership of the stock as noted above. At the time his brother invested in the partnership (about 1930) he guaranteed Joseph against any loss of any money that he invested in the partnership business. On October 31, 1947, petitioner loaned the corporation $50,000, on which loan the corporation had paid interest but throughout all the year 1949 the corporation owed petitioner $50,000.

In 1949 petitioner was chairman of the board of the corporation and Joseph was president. Petitioner drew no salary from the corporation in 1949 but it was stipulated into the record that he expended $2,108.12 of his own funds that year in entertaining customers of the corporation. The corporation was losing money for the first 5 months of 1949. For the fiscal year ending May 31, 1949, the corporation lost $12,119. The business of the corporation improved, so that it earned a net income of $17,777.20 for the fiscal year ending May 31, 1950.

Petitioner argues the deduction should have been allowed under the provisions of section 23 (a) (1) (A) of the Internal Revenue Code of 1939. The section allows as a deduction: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

Petitioner had the burden of establishing the expenditure was ordinary and necessary, and, as provided in Regulations 111, section 29.23(a)–1, that it was "directly connected with or pertaining to the taxpayer's trade or business."

The entertainment expenses were for entertaining customers of the corporation. They might be ordinary and necessary expenses of the corporation but they were unrelated to the taxpayer's trade or business. As a general rule, a corporation and its stockholders are separate taxable entities.

While certain payments made by a stockholder in the interests of the corporation might possibly be of benefit to him as a stockholder, still that fact does not justify a holding that the expenditure was in connection with the stockholder's trade or business. See *Deputy* v. *du Pont*, 308 U. S. 488, where it is stated: "The well established decisions of this Court do not permit any such blending of the corporation's business with the business of its stockholders."

Petitioner's alternative argument is that the entertainment expense was deductible under section 23 (a) (2) as a nontrade or nonbusiness expense. This section allows as deductions "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

Here petitioner's argument is that his personal expenditure for entertainment of the corporation's customers served to protect his stockholder interest, and his creditor interest in the corporation, and it served to protect him and his property from loss by reason of the oral general warranty he had given his brother some 19 years earlier, that indemnified his brother against loss.

But here again the expense must be "ordinary and necessary" and it must be such an expense as is personal to the taxpayer and immediately related to his own income or property. *Jacob M. Kaplan*, 21 T. C. 134. Petitioner's voluntary expenditures for the entertainment of the corporation's customers might cause the corporation to prosper but it would be the income and property of the corporation that would be immediately benefited. Any incidental benefit petitioner might receive by reason of his being a creditor and guarantor would be too remote. See *Deputy* v. *du Pont, supra*, where it is held it is implicit in the statute the expenditure must have the proximate result of conserving and enhancing his estate.

In the *Kaplan* case, which involved facts quite similar to this, where the same argument was advanced as to the deductibility under section 23 (a) (2), *supra*, of expenditures by the president of a corporation for travel, and entertainment of the corporation's customers, we said:

Moreover, in the case of a stockholder, there may be deducted as "ordinary" only that which can be placed in the category of expenses which a substantial stockholder engaged in conserving or enhancing his estate would ordinarily incur. Typical of such ordinary expenses are the rental of safe-deposit boxes, costs of investment counsel or investment services, salaries of secretaries, and the like. *Low* v. *Nunan*, 154 F. 2d 261. Stockholders do not ordinarily incur or pay expenses such as those claimed to be deductible here. Respondent properly disallowed the entire amount of $6,500 deducted for traveling and entertainment expense.

We hold respondent was correct in disallowing the deduction.

*Decision will be entered for the respondent.*