T.C. Memo. 1998-353


UNITED STATES TAX COURT


SUBHENDU DAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18435-96, 27179-96.    Filed October 5, 1998.


Subhendu Das, pro se.


<u>Linette Angelastro</u>, for respondent.


MEMORANDUM OPINION


NAMEROFF, <u>Special Trial Judge</u>:  These consolidated cases
were heard pursuant to the provisions of section 7443A(b)(3) and
Rules 180, 181, and 182.[1]  Respondent determined deficiencies in
and penalties on petitioner's Federal income taxes as follows:

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

| Year[1] | Deficiency | Sec. 6662(a) |
| --- | --- | --- |
| 1993 | $3,043 | $609 |
| 1994 | 2,227 | 445 |
| 1995 | 84 | -0- |

[1] Docket No. 18435-96 pertains to 1994, and docket No. 27179-96 pertains to 1993 and 1995.

After concessions by petitioner,[2] the issues for decision are: (1) Whether petitioner is entitled to deduct business expenses on Schedule C for 1993 and 1994 or whether the deductions belong to his corporation; (2) if we hold that he is entitled to deduct the business expenses, whether petitioner has substantiated the expenses; and (3) whether petitioner is liable for the accuracy-related penalties under section 6662(a) for negligence or disregard of rules or regulations.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Chatsworth, California.

Background

---

[2] In the notice of deficiency for 1993, respondent determined that petitioner had an unreported capital gain of $1,128. In the notice of deficiency for 1995, respondent disallowed a claimed capital loss on the ground that petitioner did not prove that the stock was worthless in that year. Petitioner conceded both issues at trial.

Trial of this case began on January 28, 1998. At trial, petitioner conceded the capital gain and loss issues for 1993 and 1995. However, petitioner was not prepared to go forward with his case concerning the claimed business expenses on Schedule C for 1993 and 1994. We continued the case to March 17, 1998, and instructed petitioner to be prepared to present the facts of his case along with the necessary documents and records. Despite the Court's warning, petitioner was not prepared to discuss the substantiation issue, although some documents were stipulated without explanation or elaboration.

Petitioner has a Ph.D. in electrical engineering. In 1993, he quit his job as an aerospace engineer in order to pursue his invention of a computer-controlled nozzle sprinkler system (sprinkler system). The sprinkler system consisted of a computer-driven rotating watering device for gardens and lawns.

Also in 1993, petitioner created a California corporation called Computer Control Systems, Inc. (CCSI). CCSI filed its articles of incorporation on April 6, 1993. Petitioner and his wife were the only shareholders. According to petitioner, CCSI's business was to produce the sprinkler system to sell to customers. Petitioner was named the vice president of engineering, and his wife was named president of CCSI. A separate checking account was opened in CCSI's name.

Thereafter, petitioner expended $4,634.59 for several items in connection with his invention, such as a lathe with various attachments and a computer with accessories. Petitioner testified that the equipment was transferred to the corporation. Petitioner filed for a patent, which was eventually obtained in his name. The filing cost for the patent was $585. There was no formal agreement between petitioner and CCSI for use of the patent. During 1993 and 1994, petitioner was primarily engaged in obtaining investors for the product. Neither CCSI nor petitioner had any product for sale.

On Schedule C for 1993 under the name of Computer Controlled Systems, petitioner reported no income and claimed deductions of $16,628 for business expenses and $1,002.11 for a home office. On Schedule C for 1994 under the name of CCSI, petitioner claimed deductions of $12,900 for business expenses and $882.31 for home office. In 1994, petitioner reported $1,600 in gross receipts and $600 for cost of goods sold resulting in gross income of $1,000.[3] The Schedule C expenses consisted of:

|  | 1993 | 1994 |
|---|---|---|
| Car and truck | $280 | $200 |
| Sec. 179 deduction[1] | 15,648 | 12,000 |
| Insurance | 150 | 150 |

---

[3] Petitioner stated at trial that, to date, the sprinkler system has not been ready for sale. Therefore, we assume the gross receipts reported in 1994 were not related to the sprinkler system.

| | | |
|---|---|---|
| Office expenses | 50 | 50 |
| Utilities | 500 | 500 |
| | 16,628 | 12,900 |
| Home office[2] | 1,002 | 882 |
| Total | 17,630 | 13,782 |

[1] The 1993 amount of $15,648 consists of a $585 patent fee, $10,000 for the valve prototype, and $4,938 for a lathe, computer, and tools. The 1994 amount of $12,000 consists of $2,000 for an IBM PS1 and $10,000 for a second prototype. The record contains no evidence as to the basis for the prototype costs.

[2] Amounts shown are rounded to the nearest dollar. The computations for the home office deductions included amounts for insurance and utilities.

For the home office expenses, the following documents were stipulated: A Notice of Assessed Value Change for petitioner's residence dated February 11, 1989; an annual real estate tax and interest statement for 1993; an amended declaration page for a homeowner's insurance policy; one page of a telephone bill from 1993; one gas bill; and one electric bill.

Petitioner did not file a Schedule C with his 1995 joint return. Petitioner testified that he filed tax returns for CCSI in 1994, 1995, and 1996. He claimed expenses on CCSI's return only when CCSI reported income. CCSI reported income when petitioner did contract work on behalf of CCSI.[4]

Petitioner presented a brochure reflecting an undated business plan statement describing the sprinkler system. In this

[4] Petitioner did not elaborate on what type of contract work he was doing on behalf of CCSI, but we assume that it was unrelated to the sprinkler system.

brochure, the name of petitioner's corporation was shortened to Systems, Inc. (SI). The brochure states that SI designed and produced the sprinkler system.

Respondent disallowed all Schedule C expenses for both years and contended that the claimed expenses belong to CCSI and not petitioner.

Discussion

Pursuant to section 162, a deduction is allowed for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". In order to be deductible, business expenses generally must be the expenses of the taxpayer claiming the deduction. Gantner v. Commissioner, 91 T.C. 713, 725 (1988), affd. 905 F.2d 241 (8th Cir. 1990); Hewett v. Commissioner, 47 T.C. 483, 488 (1967). For tax purposes, a corporation is treated as a separate entity from its shareholders. Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943). Furthermore, a shareholder is not entitled to a deduction from his individual income for his payment of corporate expenses. Deputy v. duPont, 308 U.S. 488, 494 (1940); Gantner v. Commissioner, supra. Shareholders cannot deduct as personal expenses such expenses that further the business of the corporation. Leamy v. Commissioner, 85 T.C. 798, 809 (1985).

Petitioner stated that he paid all the claimed expenses. Petitioner is an officer and shareholder of CCSI, and both

parties agree that CCSI was an active corporation during the years at issue.  CCSI was created to produce and market the sprinkler system, and petitioner transferred all equipment related to the sprinkler system to CCSI.  Thus every expense related to the sprinkler system is an expense of CCSI, even if petitioner paid the expense.

Furthermore, the fact that the expenses were deducted on CCSI's return when CCSI had income shows that the expenses are those of CCSI.  Petitioner cannot shift expenses back and forth depending on where the income was.  CCSI is an entity separate from petitioner.  Moline Properties, Inc. v. Commissioner, supra. Since petitioner did not file a Schedule C with his 1995 joint return, we assume that 1995 was the year for which CCSI claimed expenses on its return.

Petitioner held out CCSI as the producer of the sprinkler system, and, by incurring these expenses, petitioner was furthering the business of CCSI.  Leamy v. Commissioner, supra. Therefore, we find that the expenses properly belong to CCSI and not petitioner.[5]

---

[5]  Respondent has not raised the issue of whether any of the expenses were nondeductible, preopening expenses. Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded per curiam on other grounds 382 U.S. 68 (1965). Given that neither CCSI nor petitioner had sufficient investors, any plans or facilities for manufacturing the product, nor any staff for sales of the product, this issue would otherwise seem to be applicable.

In light of our conclusion that the expenses are those of CCSI and not petitioner, we do not consider the issue of substantiation.

However, we now consider whether petitioner, as an employee of CCSI, is entitled to deduct home office expenses on Schedule A as unreimbursed employee expenses.  Section 280A(a), in general, provides that no deduction is allowed with respect to the business use of a taxpayer's personal residence.  Section 280A(c) contains some limited and explicit exceptions to this rule.[6]

For a deduction to be allowed under section 280A(c)(1), a taxpayer who is an employee must establish that a portion of his dwelling unit is: (1) Exclusively used, (2) on a regular basis, (3) for the purpose enumerated in section 280A(c)(1)(A), and (4) that the taxpayer maintained the office for the convenience of his employer.  Moreover, deductions allowed under section

---

[6] SEC.  280A(c).  Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.--

(1) Certain business use.-- Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--

(A) [as] the principal place of business for any trade or business of the taxpayer,

\*      \*      \*      \*      \*      \*      \*

In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.

280A(c)(1) may not exceed the excess of the gross income derived from such use over the deductions allocable to such use which are allowable regardless of the usage (such as property taxes). See sec. 280A(c)(5).

There is no evidence in the record that petitioner maintained a home office for the convenience of CCSI. Petitioner was not prepared to testify or present documents substantiating the home office deduction. The few documents that were stipulated were provided without meaningful testimony. Moreover, there was no gross income from petitioner's business as an employee of CCSI in 1993 or 1994. Therefore, petitioner has not overcome the prohibition of section 280A(c)(5), and he is not entitled to deduct home office expenses on Schedule A.

However, we do note that in 1993 petitioner allocated a portion of his real estate taxes deductible on Schedule A to the home office computation on Form 8829 for deduction on Schedule C.[7] Of a total amount of $2,285.78, $155.43 was allocated to the home office deduction, and the remaining $2,130.34 was claimed on Schedule A. Based on our holding that petitioner is not entitled to deduct Schedule C expenses, the $155.43 that petitioner

---

[7] Petitioner claimed 100 percent of his mortgage interest expense in 1993 and 1994 and 100 percent of his real estate taxes in 1994 as itemized deductions on his Schedules A. In addition, however, petitioner claimed an alleged business portion of these items on the Schedules C.

allocated to that schedule is deductible on line 6 of Schedule A for 1993.

Accuracy-Related Penalty

Respondent determined an accuracy-related penalty under section 6662(a). Section 6662(a) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). A position with respect to an item is attributable to negligence if it lacks a reasonable basis. Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

At trial and on brief, petitioner did not address the section 6662(a) penalty.  Petitioner prepared the joint returns for the years at issue.  We find that petitioner is liable for the accuracy-related penalty for failing to report a capital gain and for improperly claiming expenses that are not allowable. Accordingly, respondent is sustained on this issue.

To reflect the foregoing,

Decisions will be entered under Rule 155.