T.C. Summary Opinion 2004-149

UNITED STATES TAX COURT

CLIFFORD L. BRODY AND BARBARA J. DECLERK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6525-03S.          Filed November 1, 2004.

Clifford L. Brody and Barbara J. DeClerk, pro se.

Avery Cousins III, for respondent.

PANUTHOS, Chief Special Trial Judge: This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed. The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority. Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $25,662 in petitioners' Federal income tax and an accuracy-related penalty under section 6662(a) of $5,132.40 for the 1999 taxable year. After concessions,[1] the issues for decision are: (1) Whether amounts paid by petitioners on behalf of a corporation are allowable as an itemized deduction for unreimbursed employee expenses; (2) whether other amounts paid by petitioners on behalf of a corporation are allowable as Schedule C deductions; (3) whether petitioners are entitled to an ordinary loss under section 1244; and (4) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

_____

[1] Petitioners concede that they are not entitled to a depreciation and sec. 179 expense deduction of $1,150 claimed on Schedule C, Profit or Loss From Business, for petitioner DeClerk. Petitioners further concede that they are not entitled to a deduction for an unreimbursed employee expense of $1,709 claimed on Schedule A, Itemized Deductions. The depreciation and sec. 179 expense of $1,150 and the unreimbursed employee expense of $1,709 were incurred as part of petitioner DeClerk's employment with IONA Senior Services during the 1999 taxable year. The unreimbursed expense of $1,709 comprised a vehicle expense of $559 and vehicle depreciation of $1,150, the latter of which duplicates the depreciation and sec. 179 expense deduction claimed on her Schedule C. In the notice of deficiency, respondent determined that the vehicle expense and depreciation should be treated as a charitable contribution deduction of $269. At the time of trial, petitioners conceded this determination.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Washington, D.C.

During the 1999 taxable year, petitioner Clifford L. Brody was the chairman of the board, chief executive officer, and shareholder of Kids Own America, Inc. (KOA). As of April 1999, he owned 134,625 shares of common stock, or 53.37 percent, of KOA. Petitioner Brody received from KOA for the 1999 taxable year a Form W-2, Wage and Tax Statement, which reported "Wages, tips, other compensation" of $266,083.34.

Also during the 1999 taxable year, petitioner Barbara J. DeClerk was the treasurer, secretary, and director of KOA.[2] In addition to her positions at KOA, petitioner DeClerk was also a fundraiser for IONA Senior Services. As a fundraiser, she incurred expenses for clients' lunches, telephone, and automobile use. She received a Form W-2 from IONA Senior Services for the 1999 taxable year.

---

[2] John Selvaggio, along with petitioners, was a Director of KOA. We note that a Confidential Private Placement Memorandum dated Apr. 1999, for KOA did not list petitioner DeClerk as a director.

KOA was a "close corporation"[3] incorporated in Delaware on January 16, 1996. Petitioners started KOA with the concept that it would become an Internet content provider, which would allow customers to redeem frequent flier miles or loyalty points for nontravel products or services, such as financial and educational products that benefit children. KOA, primarily through the work of petitioner Brody, obtained exclusive contracts with several entities including, but not limited to, Days Inn of America, Inc., on March 18, 1999, and Netstock Direct Corp. on August 6, 1999.

On December 15, 1997, petitioners and KOA, as coborrowers, obtained a $50,000 loan from Franklin National Bank. This loan was secured by petitioners' personal residence. While KOA was listed as a "Co-borrower", petitioners repaid the loan in full on April 12, 2000. The record does not contain information as to the total amount of loan repayments made in 1999.

During the year in issue, petitioners sought additional funding for KOA. A Confidential Private Placement Memorandum dated April 1999, noted the following:

> ***Clifford L. Brody***, is Chairman and CEO of the Company. Prior to founding KidsOA, Mr. Brody established Clifford L. Brody Associates, Inc., a consulting firm that served major banks and international corporations in the development of new products and services. He has provided strategic advisory services to introduce

---

[3] The term "close corporation" is defined under Delaware law. See Del. Code Ann. tit. 8, sec. 342(a) (2001).

new products and services through the use of electronic
commerce, the Internet, and off-line processing, as
well as developed marketing strategies, joint ventures,
and financing programs to expand domestic and foreign
markets for Citibank, Avon Cosmetics, Hearst
Publications, Morgan Guaranty, Hewlett-Packard, Potomac
Mills, US West, and Cabletron.  Mr. Brody has advised
corporate officers, federal regulators, legislators,
and financial institutions in the United States and
abroad on government decision-making as it can affect
existing financial services industry products and
services.  Mr. Brody has also defined strategies for
securing favorable government decisions to facilitate
the expansion of business domestically and
internationally, and negotiated specific agreements on
behalf of commercial companies and banks.

Prior to Clifford L. Brody Associates, he served as a
career Foreign Service Officer.  Mr. Brody was posted
to U.S. Embassies in Paris, France, and Prague,
Czechoslovakia, to Secretary of State Henry Kissinger's
staff, as liaison between the Department of State and
Congress, as negotiator for economic agreements with
the former Soviet and Eastern European governments, and
as Special Advisor for European Affairs to the Joint
Congressional-Executive Commission on Security and
Cooperation in Europe (CSCE).  Mr. Brody received a
B.A. degree from Dickinson College.

*     *     *     *     *     *     *

**Dependence On Key Personnel.**  The Company is managed by
a small number of key executive officers, most notably
Clifford L. Brody, the Company's Chairman Chief [sic]
Executive Officer.  The loss of services of one or more
of these key individuals, particularly Mr. Brody, could
materially and adversely affect the business of the
Company and its prospects.  The Company believes that
its success will depend in large part on its ability to
attract and retain highly skilled and qualified
personnel.  None of the executive officers of the
Company have [sic] employment agreements and the
Company does not maintain key person life insurance for
any of its executive officers.

The Confidential Private Placement Memorandum was supplemented in

October 1999.

Notwithstanding the representations in the Confidential Private Placement Memorandum, "key man insurance" was obtained at some point.[4] KOA was the beneficiary of the policy, and while not required by KOA, petitioners paid the insurance premiums on the key man insurance policy.

In August 2001, KOA merged with e-Redeem, Inc., a Delaware corporation in which petitioner Brody served as President. In letters to shareholders of KOA dated May 31, 2001, petitioner Brody proposed that said shareholders would receive an aggregate of 49.568 percent of the fully diluted capital stock of the merged entity.

Petitioner Brody, who has a background in accounting, prepared KOA's Form 1120-A, U.S. Corporation Short-Form Income, for the 1999 taxable year (1999 corporate return). KOA claimed deductions for repairs and maintenance of $13,186 and for rents of $44,762. KOA did not report any loans from shareholders.

Petitioner Brody also prepared petitioners' Form 1040, U.S. Individual Income Tax Return, for the 1999 taxable year (1999 tax return). Petitioners did not file a Form 4797, Sales of Business Property, with their 1999 tax return.

---

[4] The parties did not provide the Court with a copy of the insurance policy.

They did, however, attach a Schedule A, Itemized Deductions, to

report the following unreimbursed employee expenses:

| | |
|---|---|
| Professional subscriptions | $1,098.10 |
| Key man insurance | 2,335.00 |
| Personal LC to pay KidsOA bills | 50,000.00 |
| Brody's vehicle expense | 5,059.00 |
| DeClerk's car depreciation expense | 1,150.00 |
| DeClerk's car expense for business use | 559.00 |
| Total | $60,201.10 |

Petitioners also attached two Schedules C, Profit or Loss From

Business, to their 1999 tax return. One Schedule C pertained to

petitioner DeClerk's "Principal Business or Profession" of "Fund

Raising" and reported a depreciation and section 179 expense

deduction of $1,150. The other Schedule C reported petitioner

Brody's "Principal Business or Profession" as a "Service:

Incubator" and claimed the following expenses as deductions:

| | |
|---|---|
| Repairs and maintenance | $4,367 |
| Office space & expenses paying for KOA employees | 33,911 |
| Interest on funds borrowed to pay KidsOA bills | 5,016 |
| Total expenses | $43,294 |

In the notice of deficiency, respondent determined that

petitioners were not entitled to itemized deductions for

unreimbursed employee expenses regarding the key man insurance,

loan, and petitioner Brody's vehicle expense.[5] Respondent also

_____

[5] In the notice of deficiency, respondent determined that petitioners were entitled to an itemized deduction for the professional subscriptions. As we indicated earlier, petitioners concede that they are not entitled to itemized deductions for
(continued...)

determined that petitioners are not entitled to the Schedule C deductions as a "Service: Incubator".[6]  Respondent contends that these expenses are allowable as deductions to KOA but not to petitioners individually.  Petitioners contend otherwise and further contend that they are entitled to an ordinary loss in 1999 under section 1244.

### Discussion

Deductions are a matter of legislative grace, and a taxpayer generally bears the burden of proving that he or she is entitled to the deductions claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  In addition, the taxpayer bears the burden of substantiating the amount and purpose of the claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

---

[5](...continued)
petitioner DeClerk's car depreciation expense of $1,150 and her car expense of $559.

[6]  As indicated earlier, petitioners concede that they are not entitled to petitioner DeClerk's Schedule C deduction of $1,150.

While examination of petitioners' 1999 tax return commenced after July 22, 1998, neither of the parties has addressed the applicability of section 7491(a) regarding the burden of proof. Petitioners have not offered any evidence that they satisfied any of the criteria of section 7491(a)(2)(A) and (B). Accordingly, we conclude that the burden of proof remains on petitioners.

Unreimbursed Employee Expenses

Petitioners deducted the following as unreimbursed employee expenses on their 1999 tax return: (1) Key man insurance premiums of $2,335; (2) petitioner Brody's vehicle expense of $5,059; and (3) Personal LC to pay KOA bills of $50,000.00.

General Principles

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a taxpayer's trade or business as an employee. See Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). An employee, however, is not entitled to a deduction for an expense if the employee has a right of reimbursement from his or her employer, because the employee's expenditure is not "necessary". Heidt v. Commissioner, 274 F.2d 25, 28 (7th Cir. 1959), affg. T.C. Memo. 1959-31; Lucas v. Commissioner, 79 T.C. 1, 7 (1982). As we stated in Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964): "These charges were business expenses of the

* * * [corporations] and [the taxpayer] cannot convert * * * [the corporate] expenses into his own by failing to claim repayment, even though paid by him." See also Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Coplon v. Commissioner, 277 F.2d 534 (6th Cir. 1960), affg. T.C. Memo. 1959-34.

As a general rule, a taxpayer's payment of another person's obligation is not an ordinary and necessary business expense. Deputy v. du Pont, 308 U.S. 488 (1940). Under this rule, a shareholder, even a majority or sole shareholder, is not entitled to deduct his or her payments of the corporation's expenses. Rink v. Commissioner, 51 T.C. 746, 751 (1969); Willits v. Commissioner, T.C. Memo. 1999-230. For Federal income tax purposes, a corporation is recognized as a separate taxable entity from its shareholders. See Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943). Because a corporation's business is distinct from that of its shareholders, officers, and employees, such persons may not deduct expenses which promote the business of the corporation. Leamy v. Commissioner, 85 T.C. 798 (1985); Kahn v. Commissioner, 26 T.C. 273 (1956); Das v. Commissioner, T.C. Memo. 1998-353.

In the present case, the loan from Franklin National Bank was used not to pay petitioners' expenses, but to pay those of

KOA. KOA's expenses included its corporate bills and premiums for key man insurance.

(1) Key Man Insurance

While the record does not contain a copy of the key man insurance policy, such insurance is generally understood to be life insurance taken out by a company on an essential or valuable employee, with the company as the beneficiary, as is the case here. See Black's Law Dictionary 945 (8th ed. 2004). Petitioners are not entitled to deduct the payments representing insurance premiums.

(2) Vehicle Expense

We now consider petitioner Brody's claimed vehicle expense deduction of $5,059. Deductions for travel and transportation expenses otherwise allowable under section 162(a) are subject to strict substantiation requirements. See sec. 274(d)(1); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). The record does not contain any evidence indicating whether KOA had a reimbursement policy for employee travel expenses or that petitioner Brody complied with the substantiation requirements. Respondent's disallowance of this deduction is sustained.

(3) Loan/Debt

In general, there is allowed as a deduction "any debt which becomes worthless within the taxable year." Sec. 166(a)(1). It

is axiomatic that such deductions, if otherwise allowable, are allowed to the taxpayer to whom the debt is owed.  See Sundby v. Commissioner, T.C. Memo. 2003-204.  In this case, petitioners cannot claim their unreimbursed employee deduction of the $50,000 loan as a bad debt deduction under section 166.  The record also does not contain any evidence indicating a personal loan of $50,000 from petitioners to KOA.  They are not the taxpayers to whom the debt is owed.  Indeed, KOA did not report any loans from shareholders in its 1999 corporate return.

Petitioners contend, however, that they were entitled to a deduction for the repayment of the $50,000 loan from Franklin National Bank because of their role as guarantors in that the loan repayments were necessary to protect petitioner Brody's KOA salary.  As a general rule, a guarantor may be entitled to a bad debt deduction in two situations.  The first situation arises when payments giving rise to the debt are not required under a guaranty but are involuntary in the sense that they were necessary in the exercise of sound business judgment to protect existing property rights.  Arrigoni v. Commissioner, 73 T.C. 792, 799 (1980); Martin v. Commissioner, 38 T.C. 188, 191-192 (1962).  The second situation arises when the guarantor is compelled to pay on the guaranty and the payment gives rise to a claim, which if worthless, constitutes a bad debt.  Estate of Rapoport v. Commissioner, T.C. Memo. 1982-584.  In the situation when a

payment is compelled, the fact that the guarantor of the corporate debt is also a shareholder and employee of the corporation does not preclude the guarantor from a bad debt deduction so long as the dominant motivation for the guaranty was to protect his or her salary. United States v. Generes, 405 U.S. 93 (1972). The reason for either situation is that, upon payment by the guarantor, the debtor's obligation to the creditor becomes an obligation to the guarantor, not a new debt, and by subrogation the guarantor steps into the shoes of the creditor. Putnam v. Commissioner, 352 U.S. 82, 85 (1956). No deduction is allowable, however, if at the time the guaranty was made, the taxpayer had no reasonable expectation of repayment of the sums advanced. Hoyt v. Commissioner, 145 F.2d 634 (2d Cir. 1944); Thompson v. Commissioner, 22 T.C. 507 (1954).

The record does not support petitioners' contention that loan payments in 1999 were necessary to protect petitioner Brody's salary of $266,083 from KOA. Petitioners were compelled to make their loan repayments to Franklin National Bank not as guarantors, but as debtors. Petitioners were listed as "co-borrowers" and thus were liable in the first instance. However, even if we were to assume that loan repayments were made by petitioners as guarantors, nothing in the record indicates that petitioners would have had a worthless claim against KOA, since KOA paid petitioner Brody's salary in 1999 in the amount of

$266,083.  In contrast, his salary was $17,708 in 1997, the year in which petitioners secured the loan, and his salary was $132,082 in 1998.  Moreover, petitioner Brody was not required to provide a guaranty on the loan as a condition of his employment with KOA.  See Rev. Rul. 71-561, 1971-2 C.B. 128.  Because petitioners repaid the loan in their role as debtors and not as guarantors, or because there is no evidence that any claim by petitioners against KOA would be worthless, United States v. Generes, supra, is distinguishable, and petitioners' dominant motivation is irrelevant.  We sustain respondent's determination on this issue.

Schedule C Deductions

Petitioners claimed the following expenses on petitioner Brody's Schedule C:  (1) $4,367 for repairs and maintenance; (2) $33,911 for "Office Space & Expenses paying for kidsOA [sic] Employees"; and (3) $5,016 for "Interest on funds borrowed to pay KidsOA bills".  All of these expenses relate to KOA.  As indicated earlier, the only evidence of funds borrowed in the present case is the loan by Franklin National Bank to petitioners and KOA.

A taxpayer who pays expenses of a corporation in which he is the principal shareholder may deduct such payments if they were made to protect or promote the taxpayer's own trade or business. Lohrke v. Commissioner, 48 T.C. 679, 684-685 (1967); Dietrick v.

Commissioner, T.C. Memo. 1988-180. In the present case, there is no evidence that petitioner Brody operated a trade or business during the 1999 taxable year. He was instead the chairman of the board, chief executive officer, and shareholder of KOA. We also note that, while petitioners claimed Schedule C deductions for repairs and maintenance and for "Office Space & Expenses paying for kidsOA [sic] Employees", KOA also claimed deductions on its 1999 corporate return for repairs and maintenance and for rents.

As indicated earlier, petitioners claimed a Schedule C deduction of $5,016 for "Interest on funds borrowed to pay KidsOA bills". In general, a taxpayer is entitled to a deduction on all interest paid or accrued within the taxable year on indebtedness. Sec. 163(a). An exception arises with respect to personal interest. Sec. 163(h)(1). Interest paid or accrued on indebtedness properly allocable to the trade or business of performing services as an employee constitutes personal interest and thus may not be deducted. See sec. 163(h)(2)(A). With certain limitations, an individual taxpayer may deduct investment interest.[7] Sec. 163(d), (h)(2)(B). To qualify as investment interest, however, the interest must be paid on indebtedness allocable to an interest held by the taxpayer in an activity

---

[7] Under sec. 163(d)(1), an individual taxpayer can deduct investment interest only to the extent of net investment income. Unless petitioners reported investment income, no investment interest would be deductible in any event.

involving the conduct of a trade or business in which the taxpayer does not materially participate. Sec. 163(d)(5)(A)(ii)(II).

In the present case, petitioners are not entitled to deduct the $5,016 in interest. Petitioner Brody is in the trade or business of being an employee of KOA and not of lending money. Accordingly, the interest paid by petitioners on the loan from Franklin National Bank constitutes personal interest and, consonant with section 163(h)(2)(A), may not be deducted by petitioners. Nor may petitioners deduct the interest paid as investment interest under section 163(d), because petitioners materially participated in KOA.

We sustain respondent's determination that petitioners are not entitled to the claimed deductions on his Schedule C.

Loss Under Section 1244

An individual taxpayer may claim a limited ordinary loss deduction for a loss sustained on the sale, exchange, or worthlessness of section 1244 stock. Sec. 1244(a). Respondent contends that petitioners' stock in KOA did not constitute section 1244 stock because, among other things, KOA did not satisfy the "gross receipts" test under section 1244(c)(1)(C). We need not address respondent's contention because the record does not indicate any loss was sustained in 1999 regarding stock of KOA. Petitioners did not file a Form 4797, Sales of Business

Property, to report any loss under section 1244 on their 1999 tax return.  Nor could they.  During the year in issue, KOA entered into contracts with Days Inn of America, Inc. and Netstock Direct Corp.  In August 2001, KOA merged into e-Redeem, Inc., via a proposal that KOA's shareholders would receive an aggregate of 49.568 percent of the fully diluted capital stock of the merged entity.  These factors weigh against a finding of worthlessness of KOA stock in 1999.  While such facts may not preclude a finding of worthlessness, they do place upon petitioners the duty to offer more than their own testimony and the corporate books to support their view.  See <u>Jacobowitz v. Commissioner</u>, T.C. Memo. 1968-261.  On this issue we hold for respondent.

<u>Accuracy-Related Penalty Under Section 6662(a)</u>

The final issue is whether petitioners are liable for an accuracy-related penalty under section 6662(a) for the 1999 taxable year.  An accuracy-related penalty "applies to any portion of an underpayment of tax required to be shown on a return" where such portion is attributable to either (1) negligence of disregard of rules or regulations or (2) a substantial understatement of tax.  Sec. 6662(a), (b)(1), (2).  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Sec. 6662(c).  The term "disregard" includes any careless, reckless, or intentional disregard.  <u>Id.</u>  An understatement of

tax is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6662(d)(1) and (2). Respondent has the burden of production with respect to the accuracy-related penalty. See sec. 7491(c).

An exception to the section 6662 penalty applies when the taxpayer demonstrates: (1) There was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).[8] Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances on a case-by-case basis. See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, but the taxpayer must take reasonable steps to determine the law and to comply with it. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). The most important factor is the extent of the taxpayer's effort to assess

---

[8] This section may provide relief even if a return position does not satisfy the reasonable basis standard. Sec. 1.6662-3(b)(3), Income Tax Regs.

the proper tax liability.  Stubblefield v. Commissioner, supra; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has met his burden of production with respect to the accuracy-related penalty under section 6662(a).  After sustaining the determinations made by respondent in regard to petitioners' 1999 Federal income tax return, petitioner is liable for a deficiency in excess of $25,000.  As such, petitioner is liable for an accuracy-related penalty attributable to a substantial understatement of tax.

In regard to the section 6664 exception, we find that petitioners did not act with reasonable cause and in good faith. Petitioner Brody, who has a background in accounting, prepared the 1999 corporate return for KOA and the 1999 tax return for petitioners.  Petitioner DeClerk's car depreciation expense was claimed twice on the 1999 tax return, once as part of their itemized deductions on Schedule A and again as a deduction on her Schedule C.  Petitioners claimed on their 1999 tax return various deductions associated with a purported loan between KOA and petitioners; however, KOA did not report any loans from shareholders on its 1999 corporate return.  Based upon these facts and circumstances, and indeed the entire record, we find that petitioners did not take reasonable steps to comply with reporting of income and deductions and did not act in good faith. Accordingly, we sustain respondent's determination with respect

to the accuracy-related penalty under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.