# United States Tax Court

T.C. Memo. 2022-97

JOHN E. VORREYER AND MELISSA D. VORREYER, ET AL.,[1]
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

―――――――

Docket Nos. 19332-16, 27307-16,        Filed September 21, 2022.
27314-16, 27846-16,
2634-19,   2636-19,
2666-19,   2670-19.

―――――――

*Philip D. Speicher*, *Rebecca K. Wohltman*, *Laura E. Schrick*, *Elizabeth Ann Smith*, *Paul Michael Schmidt*, *Patrick Bischof Mathis*, and *Nicholas C. Mowbray*, for petitioners.

*Vicky Diaz*, *Maha Sadek*, *Marcus M. Clinkscales*, and *David A. Lee*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: These cases are before the Court on petitioners' Motion for Partial Summary Judgment, filed December 20, 2021, and respondent's Motion for Partial Summary Judgment, filed May 24, 2022. In filing the Motions, the parties seek review of certain determinations by respondent, specifically (1) whether petitioners John

―――――――

[1] Cases of the following petitioners are consolidated herewith: John C. Dowson and Lisa M. Dowson, Docket No. 27307-16; John J. Dowson and Nancy R. Dowson, Docket No. 27314-16; Darrel L. Thoma and Amy D. Thoma, Docket No. 27846-16; John J. Dowson and Nancy R. Dowson, Docket No. 2634-19; John C. Dowson and Lisa M. Dowson, Docket No. 2636-19; Darrel L. Thoma and Amy D. Thoma, Docket No. 2666-19; and John E. Vorreyer and Melissa D. Vorreyer, Docket No. 2670-19.

[*2] C. Dowson (Chris Dowson) and John J. Dowson (John Dowson) are entitled to passthrough deductions on their 2012 individual income tax returns for certain property taxes and utility expenses they paid on behalf of Chris & John Farms, Inc. (C&J Farms), and (2) whether expenses incurred by Prairieland Farms (Prairieland) related to the purchase of semi-trucks in tax year 2014 are fully deductible by Prairieland under section 179.[2] For the reasons set forth below, we answer both questions in the negative.

*Background*

The following undisputed facts are based on the record, including multiple stipulations of facts. When the Petitions were filed, all petitioners, except for John and Nancy Dowson,[3] resided in Illinois.

Petitioners operated an Illinois family farm individually and through several related entities, including C&J Farms and Prairieland, at all relevant times. In 2012 C&J Farms was an S corporation for federal income tax purposes and owned equally by petitioners Chris and John Dowson. In 2014 Prairieland was treated as a general partnership for federal income tax purposes and owned equally by petitioners Lisa Dowson, Chris Dowson, Darrel Thoma, and Amy Thoma.

In tax year 2012 C&J Farms owed a total of $108,965[4] in property taxes to Sangamon County, Illinois, and $20,866 in utility expenses to the power company Ameren. Shareholders Chris and John Dowson directly paid these costs in 2012 on behalf of C&J Farms in proportion to their respective ownership interests in C&J Farms. Both Chris and John Dowson claimed section 162 deductions on their 2012

---

[2] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all Rule references are to the Tax Court Rules of Practice and Procedure, and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

[3] John and Nancy Dowson resided in Florida when they filed their Petitions.

[4] Unless otherwise indicated, all monetary amounts are rounded to the nearest dollar.

[*3] Forms 1040, U.S. Individual Income Tax Return, for their respective payments.[5]

In tax year 2014 Prairieland purchased two semi-trucks for a total of $70,126 (truck expenses). Prairieland included the truck expenses as part of its claimed repairs and maintenance expense deduction on Schedule F, Profit or Loss From Farming, of its 2014 Form 1065, U.S. Return of Partnership Income.

Following an audit of petitioners' 2012 to 2014 returns, respondent determined more than $14 million in collective deficiencies in petitioners' income tax and over $2.8 million in penalties.[6] Respondent then issued petitioners notices of deficiency with respect to the determined deficiencies and penalties which, among other things, disallowed the deductions for the property taxes and utility expenses on Chris and John Dowson's 2012 individual returns and the deduction for the truck expenses as a repair expense on Prairieland's 2014 return.[7]

Petitioners shortly thereafter filed eight Petitions with this Court seeking redetermination of the deficiencies and penalties. Following the consolidation of these eight cases, the parties filed their respective Motions for Partial Summary Judgment.[8]

*Discussion*

I.   *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly and unnecessary trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant a motion for partial summary judgment regarding an issue when there is no genuine

---

[5] C&J Farms filed Form 1120S, U.S. Income Tax Return for an S Corporation, for the 2012 tax year but did not claim a deduction on the return for the property taxes and utility expenses paid by Chris and John Dowson.

[6] The record does not reflect, and the parties do not contend, that any of respondent's determinations in these eight consolidated cases should be subject to the partnership regime under the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648 (codified as amended at sections 6221–6234).

[7] Respondent does not dispute that the semi-trucks are depreciable assets and thus allowed a $23,373 depreciation expense deduction for these assets for Prairieland's 2014 tax year.

[8] Petitioners previously filed a separate Motion for Partial Summary Judgment on September 3, 2020, that we addressed as part of our Order dated March 2, 2021.

[*4] dispute of material fact and a decision may be rendered as a matter of law.  Rule 121(b); *Elec. Arts, Inc. & Subs. v. Commissioner*, 118 T.C. 226, 238 (2002); *see also Take v. Commissioner*, 82 T.C. 630, 633 (1984), *aff'd*, 804 F.2d 553 (9th Cir. 1986) (explaining that this rule applies to each motion where both parties move for summary judgment).  We construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate.  *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  The nonmoving party may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); *Sundstrand*, 98 T.C. at 520.

II.    *Property Taxes and Utility Expenses*

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. § 162(a).  Deductions for personal, living, or family expenses, on the other hand, are prohibited.  § 262(a).

Petitioners contend that the payments by Chris and John Dowson in 2012 for C&J Farms' property taxes and utility expenses should be considered capital contributions to C&J Farms, and C&J Farms would be entitled to treat the property taxes and utility expenses as deductible under section 162.  According to petitioners, this reduces the income flowing from C&J Farms, an S corporation, to Chris and John Dowson. Respondent does not dispute this characterization but challenges the deduction of these business expenses on the *personal* returns of Chris and John Dowson.

A taxpayer cannot deduct expenses paid on behalf of another taxpayer.  *Deputy v. du Pont*, 308 U.S. 488, 493–99 (1940); *Columbian Rope Co. v. Commissioner*, 42 T.C. 800, 815 (1964).  This long-established principle extends to corporations as a corporation's business is distinct from its shareholders.  *Westerman v. Commissioner*, 55 T.C. 478, 482 (1970).  Thus, a shareholder may not deduct as personal expenses those expenses that further the business of the corporation. *Id.*; *Kahn v. Commissioner,* 26 T.C. 273, 274–75 (1956).  Although there is a recognized exception to this rule, *see, e.g.*, *Lohrke v. Commissioner*, 48 T.C. 679, 684–85 (1967) (allowing a deduction by a shareholder on behalf of a corporate taxpayer for an expenditure the corporation was financially unable to pay to "protect or promote" the business),

**[\*5]** petitioners do not contend that the present situation should fall within this limited exception.

Petitioners cite *Rink v. Commissioner*, 51 T.C. 746 (1969), to support their position, but that case reiterates the "well established [rule] that a shareholder . . . is not entitled to a deduction from his *personal* income for his payment of the expenses of his corporation; such amounts constitute either a loan or a contribution to the capital of the corporation and are deductible, if at all, *by the corporation*." *Id.* at 751 (emphasis added). By relying on *Rink*, which involved a C corporation, petitioners are asking us to recognize an exception for S corporations, but they fail to establish how such a result is clearly supportable under the law. *See Interstate Transit Lines v. Commissioner*, 319 U.S. 590, 593 (1943); *Int'l Trading Co. v. Commissioner*, 275 F.2d 578, 584 (7th Cir. 1960) ("[U]nless the claimed deductions come clearly within the scope of the statute, they are not to be allowed."), *aff'g* T.C. Memo. 1958-104. Unlike income (or loss) of a C corporation, income (or loss) of an S corporation escapes corporate-level taxation and gets "passed through" to the shareholder on a pro rata basis. §§ 1363(a), 1366(a)(1); *Mourad v. Commissioner*, 121 T.C. 1, 3 (2003), *aff'd*, 387 F.3d 27 (1st Cir. 2004); *Berry v. Commissioner*, T.C. Memo. 2021-52, at \*5.

Although an S corporation's income or loss eventually flows through to the shareholders, a corporation "remains a separate taxable entity [from its shareholders] regardless of whether it is a subchapter S corporation or a subchapter C corporation." *Russell v. Commissioner*, T.C. Memo. 1989-207, 1989 Tax Ct. Memo LEXIS 207, at \*10. This means that the business expenses of an S corporation cannot be disregarded at the corporate level for section 162 purposes. *See id.* Consequently, the income reaped by an S corporation must be matched *at the corporate level* against the S corporation's expenses that were incurred to produce that income before the net income or loss amount can flow through to the shareholders. *See* § 1366(a)(2) (generally defining the income or loss that flows through to an S corporation shareholder as the S corporation's "gross income minus the deductions allowed *to the* [*S*] *corporation*" (emphasis added)). This matching is accomplished by reporting such items on an S corporation's corporate return: Form 1120S.

Petitioners have not shown, and we are not aware of, an instance in which a court, including this one, has upheld a business expense deduction of an S corporation on a shareholder's *personal* return under facts comparable to the ones presented to us now. Petitioners rely

[*6] heavily on *Ferguson v. Commissioner*, T.C. Memo. 2019-40, but we upheld the passthrough of a loss to a shareholder of an S corporation after the S corporation deducted on *its* corporate return an expenditure paid by its shareholder on behalf of the S corporation.[9] *See id.* at *23–24. Petitioners also cite *Griffin v. Commissioner*, T.C. Memo. 2004-64, *supplementing* T.C. Memo. 2002-6, but *Griffin* involved the limited exception mentioned above where a taxpayer paid an obligation of another on the basis of financial difficulty to protect a business interest, which has not been shown to be applicable here. An argument similar to the one petitioners bring before us now was expressly rejected by this Court in *Russell*, T.C. Memo. 1989-207, in which we refused to treat an S corporation differently from a C corporation where the shareholders of an S corporation disregarded deductions at the corporate level for business expenses they paid on behalf of the S corporation. Finally, even petitioners acknowledge that Chris and John Dowson would not be entitled to a "direct" deduction for their payment of C&J Farms' property taxes and utility expenses, yet this is exactly what they claimed when they deducted the expenses on their *personal* returns.

We accordingly uphold the disallowance of C&J Farms' property taxes and utility expenses as deductible expenses on the personal returns of Chris and John Dowson.

III.     *Truck Expenses*

Prairieland categorized the truck expenses as a deductible section 162 "[r]epairs and maintenance" expense on Schedule F of its 2014 return. Petitioners concede that the truck expenses are not deductible under section 162; however, they maintain that Prairieland should still be entitled to a deduction for the full amount of the truck expenses during its 2014 tax year under section 179.

A taxpayer may elect under section 179 to deduct as a current expense the cost of certain property acquired and used in the active conduct of a trade or business and placed in service during the taxable year. § 179(a), (c); Treas. Reg. § 1.179-5. The taxpayer bears the burden of proving entitlement to the deduction. *See INDOPCO, Inc. v.*

---

[9] *Ferguson* did allow a shareholder to deduct on his personal income tax return an expenditure the shareholder paid on behalf of a C corporation on the basis that the item qualified as an unreimbursed employee business expense. *See Ferguson*, T.C. Memo. 2019-40, at *24. Petitioners, however, do not contend that the property taxes and utility expenses represent a similar expense.

**[\*7]** *Commissioner*, 503 U.S. 79, 84 (1992); *Sievers v. Commissioner*, T.C. Memo. 2014-115, at \*4–5.

Petitioners recognize that a taxpayer must make an election to take advantage of a section 179 deduction with respect to qualifying expenses and that Prairieland did not make such an election on its 2014 return for the truck expenses. Petitioners nevertheless contend that this failure does not bar Prairieland from a section 179 deduction for the full amount of the truck expenses for its 2014 tax year because the election is not required to be made on a taxpayer's "first" or original return, i.e., a taxpayer can make the election on an amended return.[10] Petitioners, however, did not file an amended 2014 return with a section 179 election for the truck expenses, and thus the question of whether the election can be made on a taxpayer's original or amended return is moot under these facts. Neither do petitioners contend that the period for Prairieland to file an amended return correcting their alleged election error remains open, and thus we need not examine that question. Petitioners do, however, request that this Court make the election retroactively on Prairieland's behalf on the basis of principles of equity. We decline to do so as Prairieland's circumstances are of its own making. *See Commissioner v. McCoy*, 484 U.S. 3, 7 (1987) (stating the Tax Court "lacks general equitable powers"); *Patton v. Commissioner*, 116 T.C. 206, 211 (2001) (upholding the Commissioner's refusal to consent to modification of section 179 election after taxpayer discovered misclassification error with respect to certain assets intended to fall within election); *see also INDOPCO, Inc. v. Commissioner*, 503 U.S. at 84 (noting the "familiar rule" that income tax deductions are "a matter of legislative grace"). Accordingly, we uphold respondent's disallowance of the deduction for the truck expenses as repair expenses under section 162.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[10] Respondent does not dispute that the truck expenses are not qualifying property, e.g., that the semi-trucks constitute qualifying property whose costs are otherwise eligible for deduction.